IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MARYLAND


UNITED STATES OF AMERICA,            )
                                     )
          Plaintiff,                 )
     vs.                             )
                                     )  CRIMINAL NO.: JKB-13-0460
RICHARD SHUSTERMAN,                  )
                                     )
          Defendant.                 )
                                     )
_____)


Transcript of Proceedings
Before the Honorable James K. Bredar
Monday, May 2nd, 2016
Baltimore, Maryland


For the Plaintiff:

     Martin J. Clarke, AUSA

     Leo J. Wise, AUSA

For the Defendant:

     John J. McMahon, Jr., Esquire

---

Christine T. Asif, RPR, FCRR
Federal Official Court Reporter
101 W. Lombard Street, 4th Floor
Baltimore, Maryland 21201

1              P R O C E E D I N G S

2              THE COURT:  Good morning.  Be seated, please.

3    Earlier this morning, Ms. Smith, our courtroom deputy clerk,

4    was brought into a conversation with juror No. 7, who reported

5    to her, informally, that he is in the midst of a transition in

6    his marriage, and that in relation to that certain matters

7    came to a head over this weekend that just passed.  And the

8    consequence of that was an interaction between himself and the

9    local police department.  And his subsequent removal from his

10   home.  In connection with that, he reports that he basically

11   had no sleep over the weekend, and is in an emotionally

12   distraught state, and believes that he is unable to continue

13   his service as a juror.

14              I would propose that in light of that informal

15   report that we had from the courtroom deputy clerk that juror

16   No. 7 now be excused and that alternate No. 2 be substituted

17   into his place in the No. 7 seat.

18              Mr. Clarke?

19              MR. CLARKE:  No objection.

20              THE COURT:  Mr. McMahon?

21              MR. MCMAHON:  I don't -- I agree.  I mean, I

22   agree.

23              THE COURT:  Very good.

24              MR. MCMAHON:  I think -- are we going to put

25   something on the record for that?

1          THE COURT:  We're doing it right now.  We are on the

2     record.  And I am perfectly prepared to conduct a hearing and

3     to interrogate juror No. 7 about these circumstances if

4     there's any difference in views on the part of counsel.  But

5     if counsel, based on this informal report from the courtroom

6     deputy are in agreement that this is the step that we should

7     take, I don't think we need to make any further record.

8          MR. MCMAHON:  No, that's fine.  I just want to put

9     on the record, and I saw Mr. Wise this morning, I was here

10    myself and that juror with an alternate juror came rushing in

11    and they asked me if I would knock on the door to get

12    somebody.  And I saw Mr. Wise come in and I called Mr. Wise up

13    so that we would be together, jointly, to -- I just wanted

14    that to be clear.  And then I knocked on your door to get -- I

15    didn't know what was going on.  But I just want that to be

16    clear that that's what happened.  I had no conversation with

17    anybody, I just merely knocked on the door.

18         THE COURT:  Mr. Wise, any issues?

19         MR. WISE:  No, Your Honor, I didn't have any

20    interactions.

21         THE COURT:  Does anyone want to make any further

22    record, or does either side request that I make any more

23    formal record with the involved juror, Mr. Clarke?

24         MR. CLARKE:  Not from the government, Your Honor.

25         THE COURT:  Mr. McMahon?

1          MR. MCMAHON:  No.

2          THE COURT:  Does either side object to the Court's

3     intention to now excuse juror No. 7 and replace him with

4     alternate No. 2, Mr. Clarke?

5          MR. CLARKE:  No objection.

6          THE COURT:  Mr. McMahon?

7          MR. MCMAHON:  Considering the circumstances, no.

8          THE COURT:  No objection.

9          MR. MCMAHON:  That's correct.

10         THE COURT:  Okay.  So, Ms. Smith, please advise

11    juror No. 7 that he has been excused.  And that he may depart.

12    Then advise alternate No. 2 that she is to line up and take

13    the No. 7 seat in the jury box and becomes juror No. 7.  Last

14    of all, advise alternates 3 and 4 that they are to shift

15    further down the row in terms of their seats.

16         We'll wait to hear back from you.

17         (Pause in the proceedings.)

18         THE COURT:  Once the jury enters the courtroom I'll

19    advise them that juror No. 7 has been excused at his request

20    and alternate No. 2 has taken his place.

21         THE CLERK:  Judge, juror No. 7 has been excused and

22    is gone.

23         THE COURT:  Ready to line them up and bring them in?

24         THE CLERK:  Yes, I'll give them the message

25    switching up the seats.

1            THE COURT:  You'll switch them.

2            THE CLERK:  Judge, I have delivered the message to

3     alternate No. 1 to sit in the No. 7 --

4            THE COURT:  Alternate No. 2.

5            THE CLERK:  2, I'm sorry.  -- to sit in Juror No.

6     7's seat.  And alternates 3 and 4 to and slide down on seat.

7            THE COURT:  You've recovered former juror No. 7's

8     materials, notes, et cetera, and positioned alternate No. 2's

9     notes in front of the appropriate chair?

10           THE CLERK:  Yes.

11           THE COURT:  Are we ready to bring the jury in?

12           THE CLERK:  We are.

13           THE COURT:  Bring them in.

14           (Jury entered the courtroom.)

15           THE COURT:  Be seated, please.  Good morning, ladies

16    and gentlemen.

17           JURORS:  Good morning.

18           THE COURT:  As you have some awareness, juror No. 7

19    has been excused at his request.  Alternate No. 2 has taken

20    his place.  Alternate No. 2, you are now juror No. 7 and you

21    become a member of this jury.

22           Ladies and gentlemen, as I explained to you last

23    week, we're in the final stages of this trial.  The next phase

24    of this trial is what we call jury instructions.  I'm about to

25    deliver them to you.  I anticipate that this will take, I

1    don't know, 60 to 90 minutes, can't be sure exactly.  And then

2    after that you will retire to deliberate on your verdict in

3    this case.

4          So, thank you for your patience and attention

5    throughout the case.  I shall now instruct you as to the law

6    applicable to the case before you.

7          Let me begin by explaining our respective roles,

8    which are quite different.  It's my duty as judge to instruct

9    you as to the law that applies to this case.  It's your duty

10   to decide the facts and, in deciding these facts, to comply

11   with the rules of law and apply them as I state them to you

12   without regard to what you think the law is or should be.

13         On these legal matters, you are required to follow

14   the law exactly as I give it to you.  If any attorney has

15   stated a legal principle different from any that I state to

16   you in my instructions, it is my instructions that you must

17   follow.

18         You should not single out any instruction as alone

19   stating the law, but you should consider my instructions as a

20   whole when you retire to deliberate in the jury room.

21         None of you should be concerned about the wisdom of

22   any rule that I state.  Regardless of any opinion that you may

23   have as to what the law may be, or ought to be, it would

24   violate your sworn duty to base a verdict upon any other view

25   of the law than that which I give you.

1        Your duty is to pass upon and decide the factual

2   issues that are in the case.  You, the members of the jury,

3   are the sole and exclusive judges of the facts.  You pass upon

4   the weight of the evidence; you determine the credibility of

5   the witnesses; you resolve such conflicts as there may be in

6   the testimony; and you draw whatever reasonable inferences you

7   decide to draw from the facts as you have determined them.  If

8   any expression of mine or anything I may or may not have done

9   or said would seem to indicate any opinion relating to any

10  factual matters, I instruct you to disregard it.

11       You are to perform the duty of finding the facts

12  without bias or prejudice as to any party.  You are to perform

13  your final duty in an attitude of complete fairness and

14  impartiality.  This case is important to the government, for

15  the enforcement of criminal laws is a matter of prime concern

16  to the community.  Equally, it is important to the defendant,

17  who is charged with serious crimes.  The fact that the

18  prosecution is brought in the name of the United States of

19  America entitles the government to no greater consideration

20  than that accorded to any other party in a case in litigation.

21  By the same token, the government is entitled to no less

22  consideration.  All parties, whether government or

23  individuals, stand as equals at the bar of justice.

24       It would be improper for you to consider, in

25  reaching your decision as to whether the government sustained

1    its burden of proof, any personal feelings you may have the

2    defendant's race, religion, national origin, sex, or age.  All

3    persons are entitled to the presumption of innocence, and the

4    government has the burden of proof, as I will describe in a

5    moment.

6            It would be equally improper for you the allow any

7    feelings you might have about the nature of the crimes charged

8    to interfere with your decision-making process.

9            Under your oaths as jurors, it would be improper for

10   you to be swayed by sympathy.  You are to be guided solely by

11   the evidence in this case.  And the crucial question you must

12   ask yourselves as you sift through the evidence is:  Has the

13   government proven the guilt of the defendant beyond a

14   reasonable doubt?

15           It is for you alone to decide whether the government

16   has proven that the defendant is guilty of the crimes charged

17   solely on the basis of the evidence and subject to the law as

18   I instruct you.  If you let fear or prejudice or bias or

19   sympathy interfere with your thinking, there's a risk that you

20   will not arrive at a true and just verdict.

21           If you have a reasonable doubt as to the defendant's

22   guilt, you should not hesitate for any reason to find a

23   verdict of not guilty.  On the other hand, if you should find

24   that the government has met its burden of proving the

25   defendant's guilt beyond a reasonable doubt, you should not

1    hesitate, because of sympathy or any other reason, to render a

2    verdict of guilty.

3            The statements, objections, and arguments of counsel

4    are not evidence and should not be considered by you as

5    evidence.  The evidence in this case consists of the sworn

6    testimony of the witnesses, the exhibits received in evidence,

7    and any stipulations.

8            Exhibits that were marked for identification but not

9    received may not be considered by you as evidence.  Only those

10   exhibits received may be considered as evidence.  Admitted

11   exhibits will be available for your review.  You saw most the

12   exhibits electronically, but you'll have paper copies in

13   cartons in the jury room.

14           You're to disregard any testimony when I've ordered

15   it to be stricken.  Only the witnesses' answers are evidence,

16   and you're not to consider a question as evidence.

17           A stipulation is an agreement among the parties that

18   a certain fact is true.  You should regard such agreed facts

19   as true.

20           Anything you may have seen or heard outside the

21   courtroom, including any newspaper or media publicity of any

22   kind, is not evidence and must be entirely disregarded.  You

23   must limit the information you get about the case to what came

24   to you in the courtroom through the rules of evidence.

25           At times, a lawyer on cross-examination may have

1   incorporated into a question a statement that assumed certain

2   facts to be true and asked the witness if the statement was

3   true.  If the witness denies the truth of a statement, and if

4   there's no evidence in the record proving that the assumed

5   fact is true, then you may not consider the fact to be true

6   simply because it was contained in the lawyer's question.  In

7   short, questions are not evidence; answers are.

8        It's the duty of the attorney for each side of a

9   case to object when the other side offers testimony or other

10  evidence that the attorney believes is not properly

11  admissible.  The attorneys also have the right and duty to ask

12  me to make rulings of law and to request conferences at bench

13  out of the hearing of the jury.  All those questions of law

14  must be decided by me.  You should not show any prejudice

15  against any attorney or his client because the attorney

16  objected to the admissibility of evidence, or asked for a

17  conference out of the hearing of the jury, or asked the Court

18  for a ruling on the law.

19       The government has presented exhibits in the forms

20  of charts, schedules, and summaries.  I decided to admit these

21  charts, schedules, and summaries in place of or in Addition to

22  the underlying documents that they represent in order to save

23  time and avoid unnecessary inconvenience.  The charts,

24  schedules, and summaries are no better than the testimony or

25  the documents upon which they are based and are not themselves

1    independent evidence.  So, while you are entitled to consider

2    them, you are to give no greater consideration to these

3    charts, schedules, and summaries than you would give to

4    evidence upon which they are based.

5            It is for you to decide whether the charts,

6    schedules, and summaries correctly present the information

7    contained in the testimony and in the exhibits on which they

8    are based.  You are entitled to consider the charts,

9    schedules, and summaries if you find that they are of

10   assistance to you in analyzing and understanding the evidence.

11           Although the defendant has been indicted, you must

12   remember that an indictment is only an accusation to which the

13   defendant has pleaded not guilty.  The indictment itself is

14   not evidence, but a copy of the indictment will be in the jury

15   room for you to have during your deliberations.

16           As a result of the defendant's plea of not guilty,

17   the burden is on the prosecution to prove guilt beyond a

18   reasonable doubt.  This burden never shifts to the defendant

19   for the simple reason that the law never imposes upon a

20   defendant in a criminal case the burden or duty of calling any

21   witness or producing any evidence.

22           The law presumes the defendant to be innocent of the

23   charges against him.  I therefore instruct you that the

24   defendant is presumed by you to be innocent throughout your

25   deliberations until such time, if ever, you as a jury are

1    satisfied that the government has proven him guilty beyond a

2    reasonable doubt.

3          The defendant began the trial here with a clean

4    slate.  The presumption of innocence alone is sufficient to

5    acquit the defendant unless you as jurors are unanimously

6    convinced, beyond a reasonable doubt, of his guilt, after a

7    careful and impartial consideration of all of the evidence in

8    the case.  If the government fails to sustain its burden, you

9    must find the defendant not guilty.

10         This presumption was with the defendant when the

11   trial began and remains with him even now as I speak to you.

12   And will continue with him into your deliberations unless and

13   until you are convinced that the government has proven the

14   defendant's guilt beyond a reasonable doubt.

15         You're about to be asked to decide whether or not

16   the government has proven beyond a reasonable doubt the guilt

17   of the defendant before you.  You are not being asked whether

18   any other person has been proven guilty.

19         Your verdict should be based solely upon the

20   evidence or lack of evidence as to the defendant before you,

21   in accordance with my instructions and without regard to

22   whether the guilt of other people has or has not been proven.

23         You may not draw any inference, favorable or

24   unfavorable, toward the government or the defendant, from the

25   fact that certain persons were not named as defendants in the

1    indictment.  The fact that these persons were not indicted

2    must play no part in your deliberations:  Therefore, you may

3    not consider this fact in any way in reaching your verdict as

4    to the defendant on trial.

5         There are two types of evidence that you may

6    properly use in deciding whether a defendant is guilty or not

7    guilty.

8         One type of evidence is called direct evidence.

9    Direct evidence is where a witness testifies as to what he

10   saw, heard, or observed.  In other words, when a witness

11   testifies about what is known to him of his own knowledge by

12   virtue of his own senses, what he or she sees, feels, touches,

13   or hears, that's called direct evidence.

14        Circumstantial evidence is evidence that tends to

15   prove a disputed fact by proof of other facts.  Let me give

16   you a simple example of circumstantial evidence.

17        Assume that when you came into the courthouse this

18   morning, the sun was shining and it was a nice day.  Assume

19   further that this courtroom is configured in such a way that

20   you cannot see out doors once you are in here.

21        Assume that some time passes and that while you're

22   sitting here in the courtroom, you notice that someone else

23   walks into the courtroom with an umbrella, and the umbrella is

24   dripping wet.  A few minutes later you notice that another

25   person walks into the courtroom, and this person's wearing a

1    raincoat, and this raincoat is dripping wet.

2            Now, under this hypothetical situation, you cannot

3    look outside of the courtroom from where you are and you

4    cannot see for yourself whether or not it is raining outside.

5    So you have no direct evidence whether it's raining or not

6    raining.  But, on the combination of facts that I asked you to

7    assume, that is that somebody walked into the courtroom with a

8    dripping wet umbrella, and somebody else walked in with a

9    soaking wet raincoat, it would be reasonable and logical for

10   you to conclude that it had begun to rain outside.

11           That's all there is to circumstantial evidence.  You

12   infer on the basis of reason and experience and common sense

13   from an established fact, in this case that someone walked

14   into the courtroom with a wet umbrella, someone else walked in

15   with a wet raincoat, that's the established fact, you assume

16   from that, you infer from that, the existence or the

17   nonexistence of some other fact, that you cannot perceive.

18   That is that it is actually raining outside.  You have

19   circumstantial evidence.

20           Circumstantial evidence is of no less value than

21   direct evidence; for, it's a general rule that the law makes

22   no distinction between direct and circumstantial evidence but

23   simply requires that, before convicting a defendant, the jury

24   must be satisfied of the defendant's guilt beyond a reasonable

25   doubt from all of the evidence in the case.

1          During the trial, you've heard the attorneys and me

2    use the term "inference," and in counsel's arguments they may

3    have asked you to infer, on the basis of your reason,

4    experience, and common sense, from one or more established

5    facts, the existence of some other fact.  An inference is not

6    a suspicion or a guess.  It's a reasoned, logical decision to

7    conclude that a disputed fact exists on basis of another fact

8    that you know exists.

9          There are times when different inferences may be

10   drawn from facts, whether proved by direct or circumstantial

11   evidence.  The government asks you to draw one set of

12   inferences, while the defense asks you to draw another.  It's

13   for you, and you alone, to decide what inferences you will

14   draw.  The process of drawing inferences from facts in

15   evidence is not a matter of guesswork or speculation.  An

16   inference is a deduction or a conclusion that you, the jury,

17   are permitted to draw, but are not required to draw, from the

18   facts that have been established by either direct or

19   circumstantial evidence.  In drawing inferences, you should

20   exercise your common sense.

21         So, while you are considering the evidence presented

22   to you, you are permitted to draw -- from the facts that you

23   find to be proven -- such reasonable inferences as would be

24   justified in light of your experience.

25         Here again, let me remind you that, whether based on

1    direct or circumstantial evidence or upon the logical,

2    reasonable inferences drawn from such evidence, you must be

3    satisfied of the defendant's guilt beyond a reasonable doubt

4    before you may convict him.

5           Because you, the jurors, are the sole judges of the

6    facts, you are also the sole judges of the credibility of the

7    witnesses, and it's up to you to decide what weight, if any,

8    should be given to a witness's testimony.  You're not required

9    to believe any witness even though his or her testimony is

10   uncontradicted.

11          In deciding whether or not to believe a witness, you

12   should carefully scrutinize all of the testimony of such a

13   witness, the circumstances under which each witness testified,

14   and any other matter in evidence that may help you to decide

15   the truth and the importance of each witness's testimony.

16          You should consider a witness's demeanor and manner

17   of testifying on the stand.  Was the witness candid, frank,

18   and forthright?  Or, did the witness seem as if he or she was

19   hiding something, being evasive or suspect in some way?  How

20   did the way the witness testified on direct examination

21   compare with the way the witness testified on

22   cross-examination?  Was the witness consistent in his or her

23   testimony or did he or she contradict himself or herself?  Did

24   the witness appear to know what he or she was talking about

25   and did the witness strike you as someone who was trying to

1    report his or her knowledge accurately?

2            You should also consider whether a witness may have

3    been biased.  Does the witness have a relationship with the

4    government or the defendant that may affect how he or she

5    testified?  Does the witness have some incentive, loyalty, or

6    motive that might cause him or her to shade the truth; or does

7    the witness have some bias, prejudice, or hostility that may

8    have caused the witness -- consciously or not -- to give you

9    something other than a completely accurate account of the

10   facts he or she testified to?

11           Another consideration is the witness's opportunity

12   to observe the matters about which he or she testified, as

13   well as the witness's ability to express himself or herself.

14           Inconsistencies or discrepancies in the testimony of

15   a witness, or between the testimony of different witnesses,

16   may or may not cause you to discredit such testimony.  Two or

17   more persons witnessing an incident or a transaction may see

18   or hear it differently; an innocent misrecollection, like a

19   failure of recollection, is not an uncommon experience.  In

20   weighing the effect of a discrepancy, always ask yourself

21   whether it pertains to a matter of importance or an

22   unimportant detail, and whether the discrepancy results from

23   innocent error or intentional falsehood.

24           You've heard the testimony of law enforcement

25   officials.  The fact that a witness may be employed by the

1    federal government or state or local government as a law

2    enforcement official does not mean that his or her testimony

3    is necessarily deserving of more or less consideration or

4    greater or lesser weight than that of an ordinary witness.

5           It's your decision, after reviewing all the

6    evidence, whether to accept the testimony of a law enforcement

7    witness and what weight, if any, you find that testimony

8    deserves.

9           After you have considered all of the factors bearing

10   upon the credibility of a witness that I have mentioned to

11   you, you may decide to accept all of the testimony of a

12   particular witness, none of the testimony of a particular

13   witness, or part of the testimony of a particular witness.  In

14   other words, you may give the testimony of any witness such

15   credibility and weight, if any, as you may think it deserves.

16          You've heard testimony from government witnesses who

17   pled guilty to charges arising out of the same facts as this

18   case.  You are instructed that you are to draw no conclusions

19   or inferences of any kind about the guilt of the defendant on

20   trial from the fact that any prosecution witness pled guilty

21   to similar charges.  That witness's decision to plead guilty

22   was a personal decision about his own guilt.  It may not be

23   used in any way as evidence against or unfavorable to the

24   defendant on trial here.

25          You've heard witnesses who testified that they were

1    actually involved in planning and carrying out the crimes

2    charged in the indictment.  These witnesses pled guilty after

3    entering into agreements with the government to testify.  The

4    government is permitted to enter into this kind of plea

5    agreement.  There's been a great deal said about these

6    so-called accomplice witnesses in the summations of counsel

7    and whether or not you should believe them.

8            The government argues, as it's permitted to do, that

9    it must take the witnesses as it find them.  It argues that

10   only people who themselves take part in criminal activity have

11   the knowledge required to show criminal behavior by others.

12           For those very reasons, the law allows the use of

13   accomplice testimony.  Indeed, it's the law in federal courts

14   that the testimony of accomplices may be enough in itself for

15   conviction, if the jury finds that the testimony establishes

16   guilt beyond a reasonable doubt.

17           However, it's also the case that accomplice

18   testimony is of such a nature that it must be scrutinized with

19   great care and viewed with particular caution when you decide

20   how much of that testimony to believe.

21           I have given you some general considerations on

22   credibility, and I will not repeat them all here.  Nor will I

23   repeat all of the arguments made on both sides.  However, let

24   me say a few things on the subject of accomplices that you may

25   want to considering during your deliberations.

1      You should ask yourselves whether these so-called

2   accomplices would benefit more by lying or by telling the

3   truth.  Was their testimony made up in any way because they

4   believed or hoped they would somehow receive favorable

5   treatment by testifying falsely?  Or did they believe that

6   their interest would be best served by testifying truthfully?

7   If you believe that the witness was motivated by hopes of

8   personal gain.  Was the motivation one that would cause him to

9   lie, or was it one that would cause him to tell the truth?

10  Did this motivation color his testimony?

11     You should bear in mind that a witness who has

12  entered into a plea agreement that requires the witness to

13  testify has an interest in this case different from any

14  ordinary witness.  A witness who realizes that he may be able

15  to obtain his own freedom or receive a lighter sentence by

16  giving testimony favorable to the prosecution has a motive to

17  testify falsely.  Therefore, you must examine his testimony

18  with caution and weigh it with great care.  If, after

19  scrutinizing his testimony, you decide to accept it, you may

20  give it whatever weight, if any, you find it deserves.

21     In sum, you should look at all of the evidence in

22  deciding what credence and what weight, if any, you will want

23  to give the accomplice witnesses.

24     You've heard evidence that a witness made a

25  statement on an earlier occasion that counsel may have argued

1    is inconsistent with the witness's trial testimony.  Evidence

2    of the prior inconsistent statement was placed before you for

3    the limited purpose of helping you decide whether to believe

4    the trial testimony of that witness.  If you find that the

5    witness made an earlier statement that conflicts with his or

6    her trial testimony, you may consider that fact in deciding

7    how much of his or her trial testimony, if any, to believe.

8         In making this determination, you may consider

9    whether the witness purposely made a false statement or

10   whether it was an innocent mistake; whether the inconsistency

11   concerns an important fact or whether it had to do with a

12   small detail; whether the witness had an explanation for the

13   inconsistency; and whether that explanation appealed to your

14   common sense.

15        It is exclusively your duty, based upon all the

16   evidence and your own good judgment, to determine whether the

17   prior statement was inconsistent, and if so, then how much, if

18   any, weight you will give to the inconsistent statement in

19   determining whether to believe all or part of the witness's

20   testimony.

21        In a criminal case, a defendant cannot be required

22   to testify, but if a defendant chooses to testify, he or she

23   is, of course, permitted to talk the witness and the on his or

24   her own behalf.  In this case, the defendant decided to

25   testify.  You should not disregard or disbelieve his testimony

1    simply because he is charged as a defendant in this case.  You

2    should examine and evaluate his testimony just as you would

3    the testimony of any witness with an interest in the outcome

4    of this case.

5            You are instructed that there is no legal

6    requirement that the government use any specific investigative

7    technique to prove its case.  Law enforcement techniques are

8    not your concern.

9            Moreover, the law does not require the prosecution

10   to call as witnesses all persons who may have been present at

11   any time or place involved in the case or who may appear to

12   have some knowledge of the matters at issue in this trial.

13   Nor does the law require the prosecution to produce as

14   exhibits all papers and things mentioned in the evidence.

15           You've heard testimony from certain persons who were

16   qualified as expert witnesses.  An expert is allowed to

17   express his or her opinion on those matters about which he or

18   she has special knowledge and training.  Expert testimony is

19   presented to you on the theory that someone who is experienced

20   in the field can assist you in understanding the evidence or

21   in reaching an independent decision on the facts.

22           In weighing the expert's testimony, you may consider

23   the expert's qualifications, his or her opinions, his or her

24   reasons for testifying, as well as all of the other

25   considerations that ordinarily apply when you are deciding

1  whether or not to believe a witness's testimony.  You may give

2  the expert testimony whatever weight, if any, you find it

3  deserves, in light of all of the evidence in this case.  You

4  should not, however, accept this witness's testimony merely

5  because he or she is an expert.  Nor should you substitute it

6  for your own reason, judgment, and common sense.  The

7  determination of the facts in this case rests solely with you.

8           We shall next consider the crimes with which the

9  defendant is charged in the indictment, and I shall discuss

10  with you the rules of law that govern whether the crimes

11  charge have been proven.  Each alleged crime is charged in

12  what is called a count.

13           You must consider each count against the defendant

14  separately, and the burden is always upon the government to

15  prove each count beyond a reasonable doubt.

16           Please keep in mind that you will be provided a copy

17  of the indictment and these jury instructions for your use

18  during deliberations.

19           While we are on the subject of the indictment, I

20  should draw your attention to the fact that the indictment

21  charges that specific acts occurred on or about certain dates.

22  The proof need not establish with any certainty the exact date

23  of any specific act charged:  It is sufficient if the evidence

24  in this case establishes that an offense was committed on a

25  date reasonably near the date alleged in the indictment.  The

 1    law only requires a substantial similarity between the date

 2    alleged in the indictment and the date established by

 3    testimony or exhibits.

 4              In particular, the indictment alleges that the

 5    wire-fraud conspiracy began in or about March of 2007 and

 6    continued until in or about July of 2010.  You need not find

 7    that the starting date of the conspiracy coincides with the

 8    starting date alleged in the indictment in order to render a

 9    guilty verdict.  Rather, you may find that the conspiracy

10    began any time in the window alleged in the indictment.

11              In order to sustain its burden of proof, the

12    government must prove that the defendant acted knowingly.  A

13    person acts knowingly if he acts intentionally and

14    voluntarily, and not because of ignorance, mistake, accident

15    or carelessness.  Whether the defendant acted knowingly may be

16    proven by the defendant's conduct and by all of the facts and

17    circumstances surrounding the case.

18              You may infer that the defendant acted knowingly

19    from circumstantial evidence or from proof that the defendant

20    deliberately closed his eyes to what would otherwise have been

21    obvious to him.  Stated another way, the defendant's knowledge

22    of a fact may be inferred from willful blindness to the

23    existence of that fact.  "willful blindness" exists when a

24    defendant, whose suspicion has been aroused, deliberately

25    fails to make further inquiries.  If you find that the

1    defendant had a strong suspicion that someone withheld

2    important facts, yet shut his eyes for fear of what would be

3    learned or deliberately failed to inquire further, you may

4    conclude that he acted knowingly.  Actual knowledge and

5    deliberate or conscious avoidance of knowledge are the same

6    thing.  However, guilty knowledge may not be established by

7    demonstrating that the defendant was merely negligent,

8    foolish, or mistaken.

9           If you find that the defendant was aware of a high

10   probability that he was involved in a fraudulent scheme to

11   obtain money or property from others and that he acted with

12   deliberate disregard of the facts, then you may find that he

13   acted knowingly.  It's entirely up to you whether you find

14   that the defendant deliberately closed his eyes and what

15   inferences, if any, you may draw from the evidence on this

16   issue.

17          You are instructed that, in order to sustain its

18   burden of proof, the government must prove that the defendant

19   acted willfully.  "Willfully" means to act with knowledge that

20   one's conduct is unlawful and with the intent to do something

21   that the law forbids, that is to say, with the bad purpose to

22   disobey or to disregard the law.

23          The defendant's conduct was not "willful" if it was

24   due to negligence, inadvertence, or mistake.

25          The government must prove beyond a reasonable doubt

1    that the defendant acted intentionally if and when he

2    conspired to commit, and if and when he did in fact commit,

3    wire fraud, as the indictment alleged.  Before you can find

4    that the defendant acted intentionally, you must be satisfied

5    beyond a reasonable doubt that he acted deliberately and

6    purposefully.  That is, the defendant's acts must have been

7    the product of his conscious objective, rather than the

8    product of a mistake or accident.

9         Intent ordinarily may not be proved directly,

10   because there's no way of fathoming or scrutinizing the

11   operations of the human mind.  But you may infer the

12   defendant's intent from the surrounding circumstances.  You

13   may consider any statement made, any act done or omitted by

14   the defendant, and all other facts and circumstances in

15   evidence that indicate his state of mind.

16        You may consider it reasonable to draw the inference

17   and find that a person intends the natural and probable

18   consequences of acts knowingly done or knowingly omitted.  As

19   I've said, it's entirely up to you to decide what facts you

20   will find from the evidence.

21        Knowledge, willfulness, and intent involve the state

22   of a person's mind.  The state of one's mind is a fact.

23   Accordingly, this is a fact you are called upon to decide.

24        Medical science has not yet devised an instrument

25   capable of recording what was in one's mind in the distant

1  past.  Rarely is direct proof available to establish the state

2  of one's mind.  However, state of mind may be inferred from

3  what one says or does -- that is, from one's words and one's

4  actions at the time of the occurrence of certain events.

5          The intent with which an act is done is often more

6  clearly and conclusively shown by the act itself, or by a

7  series of acts, than by words or explanations of the act

8  uttered long after its occurrence.  Accordingly, intent,

9  willfulness, and knowledge are usually established by

10  surrounding facts and circumstances as of the time the acts in

11  question occurred or the events took place, and the reasonable

12  inferences to be drawn from them.

13          Willful intent or guilty knowledge may be inferred

14  from the secretive or irregular manner in which a transaction

15  is carried out.

16          Proof of motive is not a necessary element of the

17  crimes with which the defendant has been charged.

18          Proof of motive does not establish the defendant's

19  guilt, nor does a lack of proof of motive establish that he is

20  innocent.

21          If the defendant's guilt is shown beyond a

22  reasonable doubt, it is immaterial what the motive for his

23  crimes might have been, or whether any motive has been shown.

24  However, the presence or absence of motive is a circumstance

25  you may consider as bearing on the defendant's intent.

1        The indictment contains ten counts.  Count 1 charges

2   the defendant with conspiracy to commit wire fraud.  Counts 2

3   through 10 charge the defendant with wire fraud.  The

4   defendant has pleaded not guilty to each of these charges.

5        You must, as a matter of law, consider each count of

6   the indictment and the defendant's involvement in that count

7   separately, and you must return a separate verdict on each

8   count with which he is charged.

9        I will first instruct you on the charges alleging

10  wire fraud.  Then I will instruct you on the conspiracy

11  charge.

12       You should note that the instructions I'm about to

13  give you on the elements of wire fraud apply with equal force

14  to each of the nine substantive counts.

15       In order to sustain the charge of wire fraud, the

16  government must prove each of the following three elements

17  beyond a reasonable doubt:  First, that there was a scheme or

18  artifice to defraud or to obtain money or property by

19  materially false and fraudulent pretenses, representations, or

20  promises, as alleged in the indictment;

21       Second, that the defendant knowingly and willfully

22  participated in the scheme or artifice to defraud, with

23  knowledge of its fraudulent nature and with specific intent to

24  defraud, or that he knowingly and intentionally aided and

25  abetted others in the scheme; and

1          Third, that in execution of that scheme, the

2     defendant used or caused the use of interstate or foreign

3     wires, as specified in the indictment.

4          The first element that the government must prove

5     beyond a reasonable doubt is that there was a scheme or

6     artifice to defraud others by means of false and fraudulent

7     pretenses, representations, or promises, and that the

8     defendant knowingly participated in the scheme, or aided and

9     abetted others in the scheme.

10         A "scheme or artifice" is merely a plan for the

11    accomplishment of an object.

12         A scheme to defraud is any plan, device, or course

13    of action to obtain money or property by means of false and

14    fraudulent pretenses, representations, or promises reasonably

15    calculated to deceive persons of average prudence.

16         "Fraud" is a general term that embraces all the

17    various means human ingenuity can devise and to which an

18    individual can resort in order to gain an advantage over

19    another by false representations, suggestions, or suppression

20    of the truth, or deliberate disregard for the truth.

21         Thus, a "scheme to defraud" -- thus, a "scheme to

22    defraud" is merely a plan to deprive another of money or

23    property by trick, deceit, deception, or swindle.

24         The scheme to defraud is alleged to have been

25    carried out through false and fraudulent statements and

1    representations.

2           A statement or representation is false if it was

3    untrue when made and was then known to be untrue by the person

4    making it or causing it to be made.

5           A statement or representation is fraudulent if it

6    was falsely made with the intent to deceive.

7           Deceitful statements or half-truths or the

8    concealment of material facts, and the expression of an

9    opinion not honestly entertained may also constitute false and

10   fraudulent statements under the statute.

11          The deception need not be premised upon spoken or

12   written words alone.  The arrangement of the words, or the

13   circumstances in which they are used, may convey a false and

14   deceptive appearance.  If there is deception, the manner

15   through which it is accomplished is immaterial.

16          The failure to disclose information may also

17   constitute a fraudulent representation if the defendant was

18   under legal, professional, or contractual duty to make such a

19   disclosure; if the defendant actually knew such disclosure

20   ought to be made; and if the defendant failed to make such

21   disclosure with the intent to defraud.

22          The false and fraudulent representation or failure

23   to disclose must relate to a material fact or matter.  A

24   material fact is one that would reasonably be expected to be

25   of concern to a reasonable and prudent person in relying upon

1    the representation or statement in making a decision.

2         This means that if you find a particular statement

3    of fact to have been false, you must determine whether that

4    statement was one that a reasonable person might have

5    considered important in making his or her decision.  The same

6    principles apply -- the same principle applies to fraudulent

7    half-truths or omissions of material facts.

8         The representations that the government charges were

9    made as part of the scheme to defraud are set forth in

10    paragraphs 22 to 46 of the indictment.  It is not required

11    that every misrepresentation charged in the indictment be

12    proved.  It is sufficient if the prosecution proves beyond a

13    reasonable doubt that one or more of the alleged material

14    misrepresentations were made in furtherance of the alleged

15    scheme to defraud.

16         In addition to proving that a statement was false

17    and fraudulent and related to a material fact, in order to

18    establish a scheme to defraud, the government must prove that

19    the alleged scheme contemplated depriving another of money or

20    property.

21         However, the government is not required to prove

22    that the defendant himself originated the scheme to defraud.

23    Furthermore, the government need not prove that the defendant

24    actually realized any gain from the scheme or that a

25    particular victim actually suffered any loss.

1          A scheme to defraud need not be shown by direct

2     evidence, but may be established by all of the circumstances

3     and facts in the case.

4          If you find that the government has sustained its

5     burden of proof that a scheme to defraud, as charged, did

6     exist, you should consider the second element, as to which I

7     am about to instruct you.

8          The second element that the government must prove

9     beyond a reasonable doubt is that the defendant participated

10    in the scheme to defraud, knowingly, willfully, and with

11    specific intent to defraud.

12         I have defined the terms knowingly, willfully and

13    intentionally for you and need not repeat those instructions.

14         Since an essential element of wire fraud is intent

15    to defraud, it follows that good faith on the part of the

16    defendant is a complete defense to charge of wire fraud.  The

17    defendant, however, has no burden to establish a defense of

18    good faith.  The burden is on the government to prove

19    fraudulent intent and the consequent lack of good faith beyond

20    a reasonable doubt.

21         Under the wire fraud statute, even false

22    representations or statements, or omissions of material facts,

23    do not amount to a fraud unless done with fraudulent intent.

24    However misleading or deceptive a plan may be, it is not

25    fraudulent if it was devised or carried out in good faith.

1    The defendant's honest belief in the truth of his

2    representations is a good defense, however inaccurate the

3    statements may turn out to be.

4          However, there is another consideration to bear in

5    mind in deciding whether or not the defendant acted in good

6    faith.  If the defendant participated in the scheme to

7    defraud, then his belief, if any, that ultimately everything

8    would work out so that no one would lose any money, does not

9    require a finding by you that the defendant acted in good

10   faith.  If the defendant participated in the scheme for the

11   purpose of causing some financial or property loss to another,

12   then no amount of honest belief on the part of the defendant

13   that the scheme would ultimately not cause a financial or

14   property loss will excuse the defendant's fraudulent actions

15   or false representations.

16          As a practical matter, then, in order to sustain the

17   charges against the defendant, the government must establish

18   beyond a reasonable doubt that he knew his conduct as a

19   participant in the scheme was calculated to deceive and,

20   nonetheless, that he associated himself with the alleged

21   fraudulent scheme for the purpose of causing some loss to

22   another.

23          The government can also meet its burden of showing

24   that the defendant had knowledge of the falsity of his claims

25   if it establishes beyond a reasonable doubt that the defendant

1  acted with deliberate disregard for whether the statements

2  were true or false, or with a conscious purpose to avoid

3  learning the truth.  If the government establishes that the

4  defendant acted with deliberate disregard for the truth, the

5  knowledge requirement would be satisfied unless the defendant

6  actually believed the statements to be true.  This guilty

7  knowledge, however, cannot be established by demonstrating

8  that the defendant was merely negligent or foolish.

9          To conclude on this element:  If you find that the

10  defendant was not a knowing participant in the scheme or that

11  he lacked the specific intent to defraud, you should acquit

12  him.  On the other hand, if you find that the defendant -- let

13  me start that over.  On the other hand, if you find that the

14  government has established beyond a reasonable doubt that

15  not -- for a third time.  On the other hand, if you find that

16  the government has established beyond a reasonable doubt not

17  only the existence of the scheme to defraud but also that the

18  defendant was a knowing participant who acted with specific

19  intent to defraud -- and if the government also establishes

20  the third element, as to which I am about to instruct you --

21  then you have a sufficient basis upon which to convict the

22  defendant.

23          The third and final element of wire fraud that the

24  government must establish beyond a reasonable doubt is the use

25  of an interstate or international wire communication in

1    furtherance of the scheme to defraud.

2           The wire communication must pass between two or more

3    states, as, for example, a telephone call between New York and

4    New Jersey; or it must pass between the United States and a

5    foreign country, such as an e-mail between New York and

6    London.

7           The use of the wires need not itself be a fraudulent

8    representation.  It must, however, further or assist in the

9    carrying out of the scheme to defraud.  The use of the wire

10   need not be an indispensable part of the fraud to satisfy the

11   "in further of" element of the offense.  It is sufficient

12   under the law if you find that the wire communication is

13   incident to an essential part of the scheme or a step in the

14   plot.

15          The use of the wires need not itself contain false

16   or fraudulent material.  A wire communication that is related

17   to a valid business purpose, or that is an innocent use of

18   interstate wires, can supply this third element of the

19   offense, as long as the use of the wire is part of or closely

20   related to the execution of the scheme.  Indeed, proof of a

21   routine practice of using the wires to accomplish a business

22   end may be sufficient to support a count of wire fraud.

23          It is not necessary for the defendant to be directly

24   or personally involved in the wire communication, as long as

25   the communication was reasonably foreseeable in the execution

1    of the alleged scheme to defraud with which the defendant is

2    accused of participating.

3          In this regard, it is sufficient to establish this

4    element of the crime if the evidence justifies a finding that

5    the defendant caused the wires to be used by others.  This

6    does not mean that the defendant must specifically have

7    authorized others to use the wires.  When one does an act with

8    knowledge that the use of the wires will follow in the

9    ordinary course of business, or where such use of the wires

10   can reasonably be foreseen, even though not actually intended,

11   then one causes the wires to be used.

12         With respect to the use of the wires, the government

13   must establish beyond a reasonable doubt the particular uses

14   charged in the indictment.  However, the government does not

15   have to prove that the wires were used on the exact dates

16   charged in the indictment.  It is sufficient if the evidence

17   establishes beyond a reasonable doubt that the wires were used

18   on dates substantially similar to the dates charged in the

19   indictment.

20         Let's take a stretch break.

21         In this case, the defendant is accused not only of

22   having committed wire fraud, but also of having been a member

23   of a conspiracy to commit wire fraud.  A conspiracy is a kind

24   of criminal partnership -- that is, a combination or agreement

25   of two or more persons to join together to accomplish an

1    unlawful purpose.

2          The crime of conspiracy to violate a federal law is

3    an independent offense.  It is separate and distinct from the

4    actual violation of any specific federal laws, which the law

5    refers to as "substantive crimes."  Indeed, you may find the

6    defendant guilty of the crime of conspiracy to commit an

7    offense against the United States even though the substantive

8    crime that was the object of the conspiracy was not actually

9    committed.

10         In order to satisfy its burden of proof with respect

11   to the crime of conspiracy, the government must establish each

12   of the following essential elements beyond a reasonable doubt:

13         First, that two or more persons entered the unlawful

14   agreement charged in the indictment starting in or about March

15   2007; and

16         Second, that the defendant knowingly and willfully

17   became a member of the conspiracy.

18         The first element the government must prove beyond a

19   reasonable doubt to establish the offense of conspiracy is

20   that two or more persons entered the unlawful agreement

21   charged in the indictment.  In order for the Government to

22   satisfy this element, you need not find that the alleged

23   members of the conspiracy met together and entered into any

24   written or formal agreement.  Similarly, you need not find

25   that the alleged conspirators stated, in words or in writing,

1    what the scheme was, its object or purpose, or every precise

2    detail of the scheme or the means by which its object or

3    purpose was to be accomplished.  What the government must

4    prove is that there was a mutual understanding, either spoken

5    or unspoken, between two or more persons, to cooperate with

6    one another to accomplish an unlawful act.

7         You may, of course, find that the existence of an

8    agreement to disobey or disregard the law has been established

9    by direct proof.  However, since conspiracy is, by its very

10   nature, characterized by secrecy, you may also infer its

11   existence from the circumstances of this case and the conduct

12   of the parties involved.

13        In a very real sense, then, in the context of

14   conspiracy cases, actions often speak louder than words.  In

15   this regard, you may, in determining whether an agreement

16   existed here, consider the actions and statements of all of

17   those you find to be participants as proof that a common

18   design existed on the part of the persons charged to act

19   together to accomplish an unlawful act.

20        The second element that the government must prove

21   beyond a reasonable doubt to establish the offense of

22   conspiracy is that the defendant knowingly, willfully, and

23   voluntarily became a member of the conspiracy.

24        If you are satisfied that the conspiracy charged in

25   the indictment existed, then you must next ask yourselves who

1    the members of that conspiracy were.  In deciding whether the

2    defendant was, in fact, a member of the conspiracy, you should

3    consider whether the defendant knowingly and willfully joined

4    the conspiracy.  Did he participate in it with knowledge of

5    its unlawful purpose and with the specific intention of

6    furthering its business or objective as an associate or

7    worker?

8              In that regard, it has been said that in order for a

9    defendant to be deemed a participant in a conspiracy, he must

10   have had a stake in the venture or its outcome.  You are

11   instructed that, while proof of a financial interest in the

12   outcome of a scheme is not essential, if you find that the

13   defendant had such an interest, then that is a factor you may

14   properly consider in determining whether or not the defendant

15   was a member of the conspiracy charged in the indictment.

16             As I mentioned a moment ago, before a defendant can

17   be found to have been a conspirator, you must first find that

18   he knowingly joined in an unlawful agreement or plan.  The key

19   question, therefore, is whether the defendant joined the

20   alleged conspiracy with an awareness of at least some of the

21   basic aims and purposes of the unlawful agreement.

22             It is important for you to note that the defendant's

23   participation in the conspiracy must be established by

24   independent evidence of his own acts or statements, as well as

25   those of the other alleged co-conspirators, and the reasonable

1   inferences that may be drawn therefrom.

2          The defendant's knowledge is a matter of inference

3   from the facts proved.  In that connection, I instruct you

4   that to be considered a member of the conspiracy, the

5   defendant need not have known the identities of each and every

6   other member and need not have been apprised of all of their

7   activities.  Moreover, the defendant need not have been fully

8   informed as to all of the details, or the scope, of the

9   conspiracy in order to justify an inference of knowledge on

10  his part.  Furthermore, the defendant need not have joined in

11  all of the conspiracy's unlawful objectives.

12         To the extent of the defendant's participation in

13  the conspiracy has no bearing on the -- the extent of the

14  defendant's participation in the conspiracy has no bearing on

15  the issue of the defendant's guilt.  A conspirator's liability

16  is not measured by the extent or duration of his participation

17  in the conspiracy.  Indeed, each member may perform separate

18  and distinct acts and may perform them at different times.

19  Some conspirators play major roles, while others play minor

20  parts in the scheme.  An equal role is not what the law

21  requires.  In fact, even a single act may be sufficient to

22  draw a person within the ambit of a conspiracy.

23         I want to caution you, however, that the defendant's

24  mere presence at the scene of an alleged crime does not, by

25  itself, make him a member of the conspiracy.  Similarly, mere

1    association with one or more members of the conspiracy does

2    not automatically make the defendant a member.  A person may

3    know or be friendly with, a criminal, without being a criminal

4    himself.  Mere similarity of conduct or the fact that parties

5    may have assembled together and discussed common aims and

6    interests does not necessarily establish proof of the

7    existence of a conspiracy.

8          I also want to caution you that mere knowledge or

9    acquiescence, without participation, in the unlawful plan is

10   not sufficient.  Moreover, the fact that the acts of the

11   defendant, without knowledge, merely happen to further the

12   purposes or objectives of the conspiracy, does not make the

13   defendant a member.  More is required under the law.  What is

14   necessary is that the defendant must have participated with

15   knowledge of at least some of the purposes or objectives of

16   the conspiracy and with the intention of aiding in the

17   accomplishment of those unlawful acts.

18         In sum, the defendant, with an understanding of the

19   unlawful character of the conspiracy, must have intentionally

20   engaged, advised, or assisted in it for the purpose of

21   furthering the illegal undertaking.  One who so engages,

22   advises, or assists thereby becomes a knowing and willing

23   participant in the unlawful agreement -- that is to say, a

24   conspirator.

25         You will recall that I have admitted into evidence

1   against the defendant the acts and statements of other

2   persons, because the government charges that these acts and

3   statements were committed by person who is were also

4   confederates or co-conspirators of the defendant.

5          The reason for allowing this evidence to be received

6   against the defendant has to do with the nature of the crime

7   of conspiracy.  A conspiracy is often referred to as a

8   partnership in crime.  Thus, as in other types of

9   partnerships, when people enter into a conspiracy to

10  accomplish an unlawful act, each and every member becomes an

11  agent for the other conspirators in carrying out the

12  conspiracy.

13         Accordingly, the reasonably foreseeable acts,

14  declarations, statements, and omissions of any member of the

15  conspiracy done in furtherance of the common purpose of the

16  conspiracy are deemed, under law, to be the acts of all of the

17  members, and all of the members are responsible for such acts,

18  declarations, statements, and omissions.

19         If you find, beyond a reasonable doubt, that the

20  defendant was a member of the conspiracy charged in the

21  indictment, then any reasonably foreseeable acts done or

22  statements made in furtherance of the conspiracy by persons

23  also found by you to have been members of that conspiracy may

24  be considered against the defendant.  This is so even if such

25  acts were done or statements were made in the defendant's

1      absence and without his knowledge.

2              However, before you may consider the statements or

3      acts of a co-conspirator in deciding the issue of the

4      defendant's guilt, you must first determine that the acts and

5      statements were made during the existence, and in furtherance,

6      of the unlawful scheme.  If the acts were done or the

7      statements were made by someone whom you do not find to have

8      been a member of the conspiracy, or if they were not done or

9      said in furtherance of the conspiracy, they may not be

10     considered by you as evidence against the defendant.

11             There is another method by which you may evaluate

12     whether the defendant is guilty of the substantive crimes

13     charged in the indictment, even if you do not find that the

14     government has satisfied its burden of proof with respect to

15     each element of those substantive crimes.

16             If, in light of my instructions, you find, beyond a

17     reasonable doubt that the defendant was a member of the

18     conspiracy charged in Count 1 of the indictment, and thus

19     guilty on the conspiracy count, then you may also -- but you

20     are not required to -- find him guilty of the substantive

21     crimes charged in Counts 2 through 10, provided you find,

22     beyond a reasonable doubt, each of the following elements:

23             First, that the crime charged in the substantive

24     count was committed;

25             Second, that the person or persons you find actually

1    committed the crime were members of the conspiracy you found

2    to have existed;

3           Third, that the substantive crime was committed

4    pursuant to the common plan and understanding you found to

5    exist among the conspirators;

6           Fourth, that the defendant was a member of that

7    conspiracy at the time the substantive crime was committed;

8    and

9           Fifth, that the defendant could have reasonably

10   foreseen that the substantive crime might be committed by his

11   co-conspirators.

12          If you find all five of these elements to exist

13   beyond a reasonable doubt, then you may find the defendant

14   guilty of the substantive crimes charged against him, even if

15   he did not personally participate in the acts constituting the

16   crimes or did not have actual knowledge of such acts.

17          The reason for this rule is simply that a

18   co-conspirator who commits a substantive crime pursuant to a

19   conspiracy is deemed to be the agent of the other

20   conspirators.  Therefore, all of the co-conspirators must bear

21   criminal responsibility for the commission of the substantive

22   crimes.

23          If, however, you are not satisfied as to the

24   existence of any of these five elements with respect to a

25   particular substantive crime, then you may not find the

1    defendant guilty of that substantive crime unless the

2    government proves, beyond a reasonable doubt, that the

3    defendant personally committed, or aided and abetted the

4    commission of, the substantive crime.

5          I have finished my instructions on the specific

6    crimes charged.  As you deliberate, I caution you that the

7    question of possible punishment of the defendant is of no

8    concern to you and should not, in any sense, enter into or

9    influence your deliberations.  The duty of imposing a

10   sentence, if the defendant is convicted, rests exclusively

11   upon the Court.  Similarly, the possible consequences of a

12   not-guilty verdict are of no concern to you.  Your duty is to

13   weigh the evidence in the case and to determine whether or not

14   the defendant is guilty beyond a reasonable doubt, solely upon

15   the evidence presented.

16         In conclusion, let me remind you that your verdict

17   must be unanimous, reflecting the judgment of each and every

18   one of you.  Consider it in the jury room deliberately and

19   carefully, in many light of the instructions I have given you

20   and use the same common sense and the same intelligence that

21   you would use in determining any important matter that you

22   have to decide in the course of your own affairs.

23         It is your duty, as jurors, to consult with one

24   another and to deliberate with a view to reaching an

25   agreement, if you can do so without violence to individual

1    judgment.  Each of you must decide the case for yourself, but

2    do so only after an impartial consideration of the evidence

3    with your fellow jurors.  In the course of your deliberations,

4    do not hesitate to re-examine your own views and change your

5    opinion if convinced it is erroneous.  But do not surrender

6    your honest conviction as to the weight or effect of the

7    evidence solely because of the opinion of your fellow jurors,

8    or for the mere purpose of reaching a verdict.  If, after

9    carefully considering all of the evidence and the arguments of

10   your fellow jurors, you entertain a conscientious view that

11   differs from the others, you're not to yield your conviction

12   simply because you are out numbered.

13        Upon retiring to the jury room, your first duty will

14   be to elect a foreperson.  The foreperson has no extra vote,

15   but he or she will preside over your deliberations and be your

16   spokesperson here in court.

17        If it becomes necessary during your deliberations to

18   communicate with the Court, you may send a note via the Court

19   security officer.  By now you're familiar with the Court

20   security officers, they will always be present outside the

21   jury room.  Never attempt to communicate with the Court except

22   in writing.  You will note from the oath about to be taken by

23   the Court security officer that he, as well as all other

24   persons, is forbidden to communicate in any way or manner with

25   any member of the jury on any subject touching on the merits

1    of the case.  And bear in mind always that you are not to tell

2    the Court, or anyone else, how you stand in terms of numerical

3    division, until after you've reached a unanimous verdict.

4            Now, in order to record your verdict in this case,

5    we have prepared a verdict form for you.  This is a two-page

6    document.  I'm going to go over it with you now, at the top,

7    like every other document filed in this court, it begins "In

8    the United States District Court for the District of

9    Maryland."  And then has the title of this case, which is

10   United States of America versus Richard Shusterman, defendant,

11   and then the case number, criminal number JKB, those are my

12   initials, 13-460.  And then the title of the document, "Jury

13   Verdict Form."  With respect to Count 1 of the indictment, in

14   which the defendant Richard Shusterman is charged with

15   conspiracy to commit wire fraud, we the jury find the

16   defendant, and then there are two options, guilty or not

17   guilty.  And after the jury has reached its unanimous verdict

18   the foreperson will mark the answer that reflects the jury's

19   unanimous verdict?

20           And then the verdict form goes on from there.  For

21   instance with respect to Count 2, immediately the next

22   question, with respect to Count 2 of the indictment in which

23   the defendant Richard Shusterman is charged with wire fraud,

24   we the jury find the defendant.  And then, again, the options

25   are there, guilty or not guilty.  And so on, until you

1    continue through all ten counts.  And then at the bottom of

2    the jury verdict form is a place for the foreperson to write

3    the date and a place for the jury foreperson to sign the

4    verdict form.

5            When you have reached a unanimous agreement, as I

6    said, the foreperson should fill out the verdict form in

7    accordance with your agreement.  Then the foreperson should

8    sign and date the form in the space provided at the end.

9            When you have agreed and finished completing the

10   verdict form, the foreperson should rap on the door and inform

11   the clerk or the Court security officer that you find on the

12   other side of that door, simply that you have agreed upon a

13   verdict.  The foreperson should not disclose or indicate in

14   any way what your verdict is at that time.  The verdict must

15   be announced for the first time here in open court.

16           When it's time for that to occur, you will be

17   brought back into the courtroom and into the jury box.

18   Following a long and ancient tradition, the clerk will address

19   you and ask, "Have you agreed upon your verdict?"  And we hope

20   that you will collectively will respond that yes, you have.

21   And then the clerk will ask, "Who shall say for you?"  And all

22   of you we hope will respond "our foreperson."  Your foreperson

23   will then stand and present the written verdict form to the

24   clerk, who will then walk across the courtroom and hand it to

25   me.  After I review it, I shall read the verdict out loud in

1    open court.

2          I remind you that you may not conduct any research

3    by using any source whatsoever to learn more about this case,

4    the issues in the case, or anyone associated with this case.

5    And I further caution you not to communicate with anyone other

6    than your fellow jurors in this case about your deliberations.

7    Until the jury has rendered its verdict in open court, you are

8    prohibited from commenting, whether in person, over the

9    telephone, through the internet, or through any other means,

10   about this case.

11         You may only discuss the case among yourselves.  And

12   only when all 12 of you are present in the jury room and only

13   when all 12 of you agree that you are now engaged in

14   deliberation.  You're certainly free to stop and take breaks,

15   use the restroom, get a drink, whatever, but then the

16   discussion should stop.  The discussion should only occur when

17   all 12 are present and participating.

18         Now, a new instruction.  Now, while you are in the

19   jury deliberation room, and engaged in deliberations, all

20   electronic devices must be completely turned off.  Just as was

21   true during the trial when you were here in the courtroom.

22   Only when you all agree that you are on a break from

23   deliberations in the jury room may you turn your cell phone or

24   electronic device back on and communicate with outside persons

25   who are not on the jury.  So you're certainly free to make

1    that decision collectively, we're not deliberating, we're

2    going to stop take a break, you can send a text message, make

3    a phone call, whatever.  But once you re-engage in

4    deliberations, and the 12 of you are sitting around the table

5    and you're engaged, all devices are going to be turned off.

6    We don't have, you know, ten people deliberating and two

7    people texting.

8          Of course, when you do have those communications

9    with outsiders who are not on the jury, because we're not at

10   that moment deliberating, you can't say anything about what's

11   going on in the deliberations in the case.

12         Alternate No. 3 and Alternate No. 4, would you

13   please rise.  As I know you are aware, you have been serving

14   as alternate jurors during the course of this trial.  As you

15   can see, over the course of a long trial, it sometimes becomes

16   necessary to substitute alternate jurors on to the jury for

17   regular members of the jury who are no longer able to serve.

18   We've had to do that in two instances so far.  But we have

19   arrived at the point where it's time for the jury to retire

20   and deliberate on their verdict.  That does not include

21   alternates.  So at this point, you will be excused with the

22   Court's deep gratitude and appreciation for your service and

23   particularly for your attention during this lengthy trial.

24         You remain under the instruction not to discuss the

25   case with anyone.  And that instruction remains in full force

1    and effect until you hear from Ms. Smith that the jury has

2    reached a verdict and that the case has been concluded.  And

3    she will be in communication with you.  After that you're

4    under no such restriction.  But until that moment, you are

5    under the restriction that I have previously imposed on you,

6    it remains in full force and effect.

7          Now, with our thanks, if you would both leave the

8    jury box, go to the jury room, collect your personal

9    belongings and depart.

10         (Pause in the proceedings.)

11         THE COURT:  Ms. Smith, have the alternate jurors

12   departed from the jury room?

13         THE CLERK:  Yes, Judge.

14         THE COURT:  Ladies and gentlemen, it is now time for

15   you to retire and to begin deliberation.  We have a couple of

16   matters that we have to take care of before that occurs.

17   Please swear the Court security officer.

18         THE CLERK:  Yes, Judge.  Good morning, sir.

19         (Bailiff sworn.)

20         MR. GUYTON:  I do.

21         THE CLERK:  Please state your full name for the

22   Court.

23         MR. GUYTON:  Guy Guyton, G-u-y-t-o-n.

24         THE CLERK:  Thank you.

25         THE COURT:  Counsel may approach.

1              (Bench conference on the record.)

2         THE COURT:  Government have any objections or wish

3    to be heard with respect to the charge as actually delivered

4    the jury?

5         MR. CLARKE:  No, Your Honor.

6         THE COURT:  Mr. McMahon, does the defendant wish to

7    be heard?

8         MR. MCMAHON:  Yes, Judge.

9         THE COURT:  Go ahead.

10        MR. MCMAHON:  Being, I don't know what -- in my

11   listening to it as it was sent out, there was no definition of

12   reasonable doubt.

13        THE COURT:  It's the 4th Circuit.

14        MR. MCMAHON:  You don't do it, okay.  That's fine.

15   It's just not the way it's done in the 3rd Circuit.

16        THE COURT:  No, it's not, nor pretty much the rest

17   of the western world.  You and I are on the same page, but

18   this is not permitted in this Circuit.

19        MR. MCMAHON:  I stand corrected.  You can understand

20   why I asked the question.

21        THE COURT:  Well, do you want to raise the issue?

22        MR. MCMAHON:  I'll raise it for purposes of

23   review.

24        THE COURT:  Okay.  Do you request a reasonable doubt

25   instruction?

1            MR. MCMAHON:  Yes, I do.

2            THE COURT:  Okay.  Consistent with the law in this

3     circuit, I find that it is not appropriate to instruct this

4     jury further on the question of reasonable doubt.

5            MR. MCMAHON:  Other than that, nothing, Your

6     Honor.

7            THE COURT:  Very good.  You may be seated.

8            (The following proceedings were had in open court.)

9            THE COURT:  Ms. Smith, do you have a copy of the

10    verdict form, the jury instructions, and the indictment?

11           THE CLERK:  Yes.

12           THE COURT:  Okay.  The jury will now retire to the

13    jury room.  You will take them there and deliver to them those

14    three documents.

15           Ladies and gentlemen, do not -- remember the first

16    order of business is to elect your foreperson.  The second

17    order of business is to begin deliberating.  Please do not do

18    either of those things until Ms. Smith has delivered these

19    documents to you and brought the exhibits into the jury room.

20    That's going to take a few minutes.  So please do not begin

21    the two assignments that I've given you until all of the

22    documents have been delivered, the exhibits have been

23    delivered, and in fact, Ms. Smith will say to you you may now

24    begin to select your foreperson and deliberate on your verdict

25    and she will depart and shut the door.  Wait until then.

1          Ms. Smith, please take the jury out.

2          (Jury left the courtroom.)

3          THE COURT:  We're back on the record.  Spread out

4    before me, just outside the door to the jury room are two

5    wheeled carts, each with multiple shelves, and the two carts

6    appear to contain numerous cartons filled with numbered

7    exhibits.  Numbers appearing on the outside of the cartons.

8    Where are the defense exhibits?

9          THE CLERK:  In my hands, Judge.

10         THE COURT:  Okay.  So the carts contain only the

11   Government Exhibits at this point; is that it, Mr. McMahon?

12         MR. MCMAHON:  Yes, Your Honor.

13         THE COURT:  Is that it, Mr. Clarke?

14         MR. CLARKE:  Yes, Your Honor.

15         THE COURT:  All right.  Is there anything else on

16   those carts besides or in addition to admitted Government

17   Exhibits, Mr. Clarke?

18         MR. CLARKE:  No, Your Honor.  There's no exhibits --

19   no.

20         MR. MCMAHON:  No, Your Honor.

21         THE COURT:  Mr. McMahon, you agree there's nothing

22   else on the carts other than admitted Government Exhibits,

23   right?

24         MR. MCMAHON:  Yes, Your Honor.

25         THE COURT:  Mr. Clarke are all the government's

1    admitted exhibits on the two carts?

2            MR. CLARKE:  Yes, Your Honor.

3            THE COURT:  Let's turn to the defense exhibits.  Mr.

4    McMahon, have you reviewed the exhibits that Ms. Smith's has

5    in her hand and spread out in front of her.

6            MR. MCMAHON:  Yes, I have.

7            THE COURT:  And does she have the total of the

8    admitted defense exhibits in the case as far as you're

9    concerned, Mr. McMahon?

10           MR. MCMAHON:  Yes, Your Honor.

11           THE COURT:  Is there anything missing?

12           MR. MCMAHON:  No, Your Honor.

13           THE COURT:  Is there anything in that set that

14   shouldn't be there, Mr. McMahon, that hasn't been admitted?

15           MR. MCMAHON:  I don't believe so.

16           THE COURT:  All right.  I'll turn to the government

17   when they're ready.

18           MR. CLARKE:  Yes, Your Honor.

19           THE COURT:  Mr. Clarke, have you reviewed the

20   defense exhibits that Ms. Smith proposes to deliver to the

21   jury room as the defense exhibits?

22           MR. CLARKE:  Yes, Your Honor.  We would just ask

23   that they be put in a envelope so they're not mixed in with

24   all the others.

25           THE COURT:  Let's see if we can come up with a file

1    folder.

2              MR. CLARKE:  Or a file folder.

3              THE COURT:  Mr. McMahon, I propose to write defense

4    exhibits on this file.

5              MR. MCMAHON:  That's fine, Your Honor.

6              THE COURT:  Ms. Smith, please place the defense

7    exhibits in this red file folder.

8              THE CLERK:  All defense exhibits, Your Honor, have

9    been placed in the red folder marked defense exhibits.

10             THE COURT:  Is the procedure acceptable to the

11   government?

12             MR. CLARKE:  It is, Your Honor.  Just one thing,

13   we're not sending the exhibit list back; is that correct?

14             THE COURT:  We're not sending exhibit lists back on

15   either side.

16             MR. CLARKE:  Very good.

17             THE COURT:  Is that acceptable to the government?

18   It's going to be a big exercise if it's not.

19             MR. CLARKE:  It is acceptable.

20             THE COURT:  Is it acceptable to the defense?

21             MR. MCMAHON:  Yes.

22             THE COURT:  Okay.  Very well then, Ms. Smith, please

23   deliver to the jury a copy of the verdict form, a copy of the

24   jury instructions, a copy of the indictment, the defense

25   exhibits that are in the red file folder, and the two heavy

1    carts full of exhibits.  And would the Court security officer

2    assist Ms. Smith in delivering those carts to the jury room.

3    Mr. McMahon, you can resume your place.

4              THE CLERK:  I just want to put on the record that

5    the certification of exhibits to be submitted to the jury,

6    which states that both sides have reviewed the exhibits and

7    are okay with them.

8              MR. MCMAHON:  I have signed it, Your Honor.

9              THE COURT:  Thank you.

10             MR. CLARKE:  Signed.

11             THE CLERK:  And I have dated it, Your Honor, for

12   today's date, May 2nd.

13             THE COURT:  Very good.  Now make the delivery that I

14   requested.  Do you have the -- Ms. Smith, what's that other

15   document besides the stipulation sitting on the rail?

16             THE CLERK:  That's just the Defendant's Exhibit

17   list.

18             MR. CLARKE:  You have the indictment?

19             THE CLERK:  I have it.

20             (Pause in the proceedings.)

21             THE COURT:  We're on the record.  Ms. Smith, have

22   you delivered the verdict form, the jury instructions, and the

23   indictment to the jury?

24             THE CLERK:  Yes, Your Honor.

25             THE COURT:  Have you delivered the exhibits to the

1    jury?

2             THE CLERK:  Yes, Your Honor.

3             THE COURT:  Did you advise the jury that they may

4    now begin the process of selecting their foreperson and

5    deliberating on their verdict?

6             THE CLERK:  Yes, Your Honor.

7             THE COURT:  And we need to know how to get in touch

8    with counsel.

9             MR. MCMAHON:  I'll be right in the building, but I

10   left my card here with the cell phone circled.

11            THE COURT:  So, Mr. McMahon, you'll remain in the

12   building?

13            MR. MCMAHON:  I'll be in the building.

14            THE COURT:  As will your client?

15            MR. MCMAHON:  Yes.

16            THE COURT:  Okay.  So Mr. Shusterman, I don't want

17   you to leave the building.  The government, I assume, will

18   return to their office across the street, but no further.

19            MR. CLARKE:  That's correct, Your Honor.  And we'll

20   provide our cell phone numbers.

21            THE COURT:  Thank you.  Please provide those to Ms.

22   Smith.  Do we need to make a record on any other matters

23   before we recess subject to call, Mr. Clarke?

24            MR. CLARKE:  No, Your Honor.

25            THE COURT:  Mr. McMahon?

1        MR. MCMAHON:  No, Your Honor.

2        THE COURT:  We're in recess subject to call.

3        One slight modification, which is that defense

4   counsel, you can be out of the courthouse to get lunch between

5   1:00 and 1:30.  My request is that you go somewhere pick it up

6   and bring it back.  So between 1:00 and 1:30, if we need you

7   in that time period we're going to understand that you might

8   be 20 minutes away or something.

9        MR. MCMAHON:  Okay.

10        THE COURT:  But otherwise before 1:00 and after 1:30

11   we'll expect to find you right in the building.

12        MR. MCMAHON:  Yes, sir.

13        (A recess was taken.)

14        THE COURT:  Thank you.  And Ms. Boardman, if you and

15   your client would resume your seats.  I'll see -- let's see is

16   defense counsel, I'll see -- if all counsel could just gather

17   at the podium in the Shusterman matter, please.  Just stay

18   right there, he'll be able to hear.  Do you have the juror

19   communication?

20        THE CLERK:  You have it, judge.

21        THE COURT:  Okay.  We're on the record in United

22   States versus Shusterman JKB-13-0460.  Let the record reflect

23   that at 11:26 a.m. I received the following communication from

24   the jury.  No. 1, Can we have exhibit numbers for the

25   documents referenced in Counts 2-10, question mark.  No. 2, Is

1    there any organization or table of contents for boxes 1

2    through 7, paren, Government Exhibits, close paren, question

3    mark.  Signed juror No. 5, who I take to be the foreperson of

4    this jury.

5             So let's turn to question No. 1 first.  I take it

6    that they are seeking the exhibit numbers for the wires that

7    are enumerated in Counts 2 through 10, the specific documents

8    that they would be able to locate them within the boxes.  Is

9    that your interpretation, Counsel?  I'll reread it to you.

10             MR. MCMAHON:  Yeah, reread it.

11             THE COURT:  Can we have exhibit numbers for the

12   documents referenced in Counts 2-10.

13             Ms. Smith, hand the communication down to counsel.

14             MR. CLARKE:  It's eight e-mails.

15             THE COURT:  Nine.

16             MR. WISE:  I had a chart in my closing that showed

17   exhibit number for each of the wire counts.

18             MR. MCMAHON:  Can we have the documents, each one of

19   those is an e-mail.  Right.

20             THE COURT:  Hold on a second, let me catch up with

21   you.

22             MR. MCMAHON:  I don't see any problem with it.

23             THE COURT:  I've got too much paper up here.  Okay.

24   So if we turn to page 35 of the indictment, where Counts 2

25   through 10 begin, there is a chart and it does reference

```
 1    e-mails.  E-mail transmission from DL in Westover, Maryland to
 2    SES in Oyo State, Nigeria.
 3               MR. MCMAHON:  Right, Judge, I think they're --
 4               THE COURT:  Are we in agreement what we think the
 5    jury is asking?
 6               MR. MCMAHON:  I think we are, yes.
 7               THE COURT:  Okay.
 8               MR. CLARKE:  And we have the e-mail -- the exhibit
 9    numbers here, Your Honor, before us.
10               MR. MCMAHON:  How many are there?
11               THE COURT:  There would be nine.  Wouldn't there be
12    nine, Counts 2 through 10.
13               MR. WISE:  I have the chart I used in closing that
14    shows the number that corresponds to each count.
15               THE COURT:  Ms. Cusatis, please come into the
16    courtroom?
17               MR. MCMAHON:  Okay, apparently, Judge, there is
18    on -- we have the exhibit numbers, one of the exhibit
19    numbers -- it's three separate e-mails on that one exhibit.
20    So it would come to the total of nine, but only eight
21    exhibits.
22               MR. WISE:  I can hand up the chart to the Court.
23               THE COURT:  Yes.  Okay.  So what I'm thinking --
24    let's go off the record.
25                    (Pause in the proceedings.)
```

1           THE COURT:  With respect to the second question, is

2     there indication on the outside of the boxes which exhibits

3     are in which box?  I thought I saw that from a distance.

4           MR. CLARKE:  Yes, there are numbers, Your Honor.  I

5     think they're asking for something that helps them go right to

6     an exhibit they're interested -- some basic description of the

7     exhibits.  As you know the exhibit list is broken up into

8     topics by investor, by dates, by e-mails, it is all set out

9     like that.  I talked to counsel, and we have no objection, we

10    think it's neutrally described, we did everything we could to

11    ensure it would be a exhibit list that could go back to the

12    jury.  If defense counsel has no objection, it's the best

13    table of contents.

14          THE COURT:  Where is the exhibit list?  Back in your

15    office.

16          THE CLERK:  I have a copy.

17          THE COURT:  Well, is this the same version that you

18    are proposing, Mr. Clarke.

19          MR. CLARKE:  Yes, that's the Court version.

20          THE COURT:  So the government would propose --

21          MR. MCMAHON:  May I see it?

22          THE COURT:  -- a photocopy be made of the official

23    court exhibit list, don't go very far with that.

24          MR. MCMAHON:  I'm not, I'm going right here.

25          THE COURT:  No further.

1          MR. MCMAHON:  No further.

2          THE COURT:  I'm just emphasizing that's the

3    document.

4          MR. MCMAHON:  I understand.  I'll treat it

5    appropriately.

6          THE COURT:  We're talking about running that through

7    the photocopier and delivering that to the jury room, Mr.

8    McMahon.  Is that the government's proposal?

9          MR. CLARKE:  Yes, Your Honor.

10         MR. MCMAHON:  My -- and my only -- let me just look

11   at it.  My only problem is there's things listed on here not

12   admitted.  There's certain --

13         THE COURT:  Well, certainly there were exhibits that

14   were never offered.

15         MR. MCMAHON:  I just want to make sure there's

16   nothing on here that would be inappropriate for them to see,

17   since they were not admitted.  That's all I'm looking at.

18         THE COURT:  Fair enough.  But that's a multipage

19   document, do you want to take some time?

20         MR. MCMAHON:  Yeah, just five minutes.  I can look

21   at it.

22         THE COURT:  Why don't you do this, Mr. McMahon, have

23   a seat at the end of the table over there.  And do you have

24   your paralegal with you?

25         MR. MCMAHON:  She's not here today.  I can do it.

1     It won't take long.

2             THE COURT:  Do your want your client to join you?

3             MR. MCMAHON:  It's okay.

4             THE COURT:  And we're going to continue with the

5     proceeding before the Court as best we can.

6             MR. MCMAHON:  I'll be watched at all moments with

7     this document.

8             THE COURT:  That's right, it's radioactive.  It's

9     got a GPS locator.

10            MR. MCMAHON:  I'm holding it only with two fingers

11    too, Your Honor.

12            THE COURT:  I've got to give my clerk one more

13    instruction and we'll be ready to continue, Ms. Boardman.

14    We'll take a brief recess.

15                (A recess was taken.)

16            THE COURT:  How are we doing, Mr. McMahon?

17            MR. MCMAHON:  Judge, I have just completed it as you

18    came out and I have no objection to it being, as you said,

19    photocopied and sent to them with only the admonition that the

20    obvious admonition that only the ones stamped in the box are

21    for you to consider and that any one that's not --

22            THE COURT:  Come on up, Counsel.

23            MR. MCMAHON:  The way it's worked, you see it,

24    Judge, they're stamped, certain ones not stamped.  So they're

25    not admitted.  Just with the admonition that there's to be no

1    reference or deliberation as to anything not -- that do not

2    have a stamp on them.

3              THE COURT:  How's that column titled?  Is it

4    received or --

5              MR. MCMAHON:  It's date identified, date admitted.

6              THE COURT:  So date admitted.  Hold on.

7              MR. CLARKE:  Your Honor, one other point, as you can

8    see there's so many exhibits that madame clerk did not stamp

9    every one by agreement, hand drawn lines reflect that the

10   exhibits are admitted.

11             THE COURT:  Well, isn't that obvious from --

12             MR. CLARKE:  I believe it is.

13             THE COURT:  Yeah, I'm not going to explain that

14   unless counsel ask me to.

15             MR. MCMAHON:  Okay.

16             THE COURT:  Is that okay, Mr. McMahon?

17             MR. MCMAHON:  It's fine.

18             THE COURT:  With that in mind, Counsel, take a look

19   at this proposed response.

20             MR. MCMAHON:  Okay.  That's fine with me, Your

21   Honor.  I have not looked at the e-mails, but I trust Mr.

22   Wise's assertion that those are correct.

23             THE COURT:  Is the response acceptable to the

24   government?

25             MR. CLARKE:  It is, Your Honor.

```
 1              THE COURT:  And it's acceptable to the defendant.

 2              MR. MCMAHON:  Yes, Your Honor.

 3              THE COURT:  Okay.  This response will be put in

 4    final form and I will sign it and deliver it to the jury.  And

 5    counsel are excused subject to call.  The response will be in

 6    the jury room probably in five minutes or so.

 7              MR. MCMAHON:  Thank you, Your Honor.

 8              THE COURT:  You're excused.  And it's a photocopy of

 9    the exhibit list that's actually going to go back.  The

10    original of course will stay with Ms. Smith.

11              MR. MCMAHON:  Yes, Your Honor.

12              (The proceedings were concluded.)

13              (Pause in the proceedings.)

14              THE COURT:  We'll go back on the record in United

15    States versus Shusterman counsel are not present, Ms. Smith

16    I'm handing to you a copy of the response, juror communication

17    No. 1, together with a substantial attachment, which is the

18    government's trial exhibit list.  Please take this response to

19    jury communication No. 1 and the attachment to the jury

20    room.

21              THE COURT:  Was that the door handle?

22              THE CLERK:  Yes.

23              THE COURT:  Call GSA.

24              (Pause in the proceedings.)

25              THE COURT:  Back on the record.  Ms. Smith did you
```

1    deliver the response to the jury question together with the

2    attachment to the jurors.

3                THE CLERK:  Yes, sir.

4                THE COURT:  Thank you.  Please docket the response

5    to the question together with the Government's Exhibit list,

6    which is the attachment.  Off the record.

7                (A recess was taken.)

8                THE COURT:  Back on the record.  The first matter is

9    that during the Court proceeding previously, there was a rap

10   at the door, and the jury wanted to communicate with the Court

11   security officer.  When the court security officer went to

12   interact with the jurors, the door handle mechanism for the

13   door failed and fell out into the room.  And we were not able

14   to open the door, but Ms. Smith was able to go find out what

15   the jury wanted and received this communication from them.

16               To tie up the first matter, I do want the record to

17   reflect that the General Services Administration was notified,

18   the alarm to the jury room was disabled.  The engineer came in

19   and repaired the door with the Court sitting right here.

20   Nobody from the GSA had any contact with the jury.  The inner

21   door of the jury room was closed at all times.

22               Is that right, Ms. Smith?

23               THE CLERK:  That's correct, Your Honor.

24               THE COURT:  All right.  Now, Ms. Smith then received

25   this communication from the jury.  It reads as follows:

1   "Government Exhibit 686, hyphen, is there an attachment to the

2   e-mail that we can review, asterisk, not in folder, period."

3   And signed by juror No. 5, who again apparently is the

4   foreperson of the jury.  First of all, what are they talking

5   about?  Is there an attachment to the e-mail that we can

6   review?

7            MR. CLARKE:  Yes, Your Honor, I believe there is.

8   There's a board paper.  It's a summary that was attached as an

9   attachment.

10           THE COURT:  Well, is it received in evidence or not

11  received?

12           MR. CLARKE:  It is, it is in evidence.  I don't know

13  what number.  So, you're going to need your exhibit list.

14           MR. MCMAHON:  May I see the exhibit -- I'll just --

15  if I can approach?

16           THE COURT:  See what?

17           MR. MCMAHON:  The exhibit list.  I'll stand right

18  here so it doesn't go anywhere.

19           THE COURT:  Yes.

20           MR. MCMAHON:  If it has an attachment, it does.  I

21  don't know.

22               (A recess was taken.)

23           THE COURT:  All right.  Back on the record.  Counsel

24  have you had an opportunity to confer about this?

25           MR. CLARKE:  Yes, sir.  There is no attachment that

1    is in evidence with that particular e-mail.

2              THE COURT:  Agreed, Mr. McMahon?

3              MR. MCMAHON:  Agreed.

4              THE COURT:  I will prepare an answer that says that

5    and deliver that to the jury.  Is that acceptable to the

6    government?

7              MR. CLARKE:  Yes, Your Honor.

8              THE COURT:  Mr. McMahon?

9              MR. MCMAHON:  Yes, Your Honor.

10             THE COURT:  You're excused subject to call.  And we

11   will deliver that written response to the question.

12             (A recess was taken.)

13             THE COURT:  Good afternoon, be seated please.  First

14   we'll go on the record in United States versus Shusterman,

15   criminal number JKB-13-0460.  And Ms. Smith, consistent with

16   the record made a few moments ago, I have now prepared a

17   response to this jury question.  Please deliver this signed

18   response to the jury room.

19             And let's see, before you enter the room, let me

20   just make this record.  It reads as follows, ladies and

21   gentlemen of the jury, you sent me one question it appears

22   below together with the answer.  Question, "Government Exhibit

23   686, is there an attachment to the e-mail that we can review,

24   not in folder."  Answer, "No.  Any attachment was not received

25   in evidence."  And signed by the Court.  Go ahead and deliver

1    that answer.

2              (Pause in the proceedings.)

3              THE COURT:  Ms. Smith, did you deliver the answer to

4    the jury?

5              THE CLERK:  I did.

6              THE COURT:  Please docket the original of the jury

7    question, this is No. 2, together with a copy of the Court's

8    response.

9              THE CLERK:  Thank you.

10             THE COURT:  Thank you.  And I have additional copies

11   for counsel to be provided to them upon their next appearance

12   here in the courtroom.  We're in recess with respect to

13   13-460.  Off the record.

14             (A recess was taken.)

15             THE COURT:  At 2:10 p.m. we received the following

16   communication from the jury:  "We have reached a verdict on

17   all counts."  Bring the jury in.

18             (Jury entered the courtroom.)

19             THE COURT:  Be seated please.  Good afternoon,

20   ladies and gentlemen.

21             Juror No. 5, are you the foreperson of this jury?

22             JUROR:  Yes, I am.

23             THE COURT:  Please stand and hand the verdict form

24   to Ms. Smith.  Ms. Smith, please take the verdict.

25             THE CLERK:  We are here to receive the verdict in

```
 1    criminal number JKB-13-0460, United States of America versus

 2    Richard Shusterman.

 3              Members of the jury, will you please answer when I

 4    call your juror number.  You can be seated for a minute.

 5              Juror No. 1?

 6              JUROR:  Here.

 7              THE CLERK:  Juror No. 2?

 8              JUROR:  Here.

 9              THE CLERK:  Juror No. 3?

10              JUROR:  Here.

11              THE CLERK:  Juror No. 4?

12              JUROR:  Here.

13              THE CLERK:  Juror No. 5?

14              JUROR:  Here.

15              THE CLERK:  Juror No. 6?

16              JUROR:  Here.

17              THE CLERK:  Juror No. 7?

18              JUROR:  Here.

19              THE CLERK:  Juror No. 8?

20              JUROR:  Here.

21              THE CLERK:  Juror No. 9?

22              JUROR:  Here.

23              THE CLERK:  Juror No. 10?

24              JUROR:  Here.

25              THE CLERK:  Juror No. 11?
```

1          JUROR:  Here.

2          THE CLERK:  And Juror No. 12?

3          JUROR:  Here.

4          THE CLERK:  Members of the jury, have you all agreed

5     on your verdict?

6          JURORS:  Yes.

7          THE CLERK:  Who shall speak for you?

8          JURORS:  Our foreperson.

9          THE CLERK:  Madame forelady, please rise.  Has the

10    verdict form which was submitted to the jury been answered,

11    signed, and dated by you?

12         JUROR:  Yes.

13         THE CLERK:  Please present it to me so that I may

14    give it to the judge.

15         THE COURT:  Mr. Shusterman, Mr. McMahon, please

16    rise.

17         In the United States District Court for the District

18    of Maryland, the United States of America versus Richard

19    Shusterman, defendant, criminal number JKB-13-460.  Jury

20    verdict form.

21         With respect to Count 1 of the indictment, in which

22    the defendant Richard Shusterman is charged with conspiracy to

23    commit wire fraud, we the jury find the defendant guilty.

24         With respect to Count 2 of the indictment, in which

25    the defendant Richard Shusterman is charged with wire fraud,

1    we the jury find the defendant guilty.

2              With respect to Count 3 of the indictment, in which

3    the defendant Richard Shusterman is charged with wire fraud,

4    we the jury find the defendant guilty.

5              With respect to Count 4 of the indictment, in which

6    the defendant Richard Shusterman is charged with wire fraud,

7    we the jury find the defendant guilty.

8              With respect to Count 5 of the indictment, in which

9    the defendant Richard Shusterman is charged with wire fraud,

10   we the jury find the defendant guilty.

11             With respect to Count 6 of the indictment, in which

12   the defendant Richard Shusterman is charged with wire fraud,

13   we the jury find the defendant guilty.

14             With respect to Count 7 of the indictment, in which

15   the defendant Richard Shusterman is charged with wire fraud,

16   we the jury find the defendant guilty.

17             With respect to Count 8 of the indictment, in which

18   the defendant Richard Shusterman is charged with wire fraud,

19   we the jury find the defendant guilty.

20             With respect to Count 9 of the indictment, in which

21   the defendant Richard Shusterman is charged with wire fraud,

22   we the jury find the defendant guilty.

23             With respect to Count 10 of the indictment, in which

24   the defendant Richard Shusterman is charged with wire fraud,

25   we the jury find the defendant guilty.

1              I'll poll the jury.

2              Juror No. 1, was this and is this your verdict?

3              JUROR:  Yes, it is.

4              THE COURT:  Juror No. 2, was this and is this your

5    verdict?

6              JUROR:  Yes.

7              THE COURT:  Juror No. 3, was this and is this your

8    verdict?

9              JUROR:  Yes, it is.

10             THE COURT:  Juror No. 4, was this and is this your

11   verdict?

12             JUROR:  Yes, it is.

13             THE COURT:  Juror No. -- madame foreperson, was this

14   and is this your verdict?

15             JUROR:  Yes, sir.

16             THE COURT:  Juror No. 6, was this and is this your

17   verdict?

18             JUROR:  Yes, it is.

19             THE COURT:  Juror No. 7, was this and is this your

20   verdict?

21             JUROR:  Yes, it is.

22             THE COURT:  Juror No. 8, was this and is this your

23   verdict?

24             JUROR:  Yes, it was.

25             THE COURT:  Juror No. 9, was this and is this your

```
 1    verdict?

 2              JUROR:  Yes, sir.

 3              THE COURT:  Juror No. 10, was this and is this your

 4    verdict?

 5              JUROR:  Yes.

 6              THE COURT:  Juror No. 11, was this and is this your

 7    verdict?

 8              JUROR:  Yes, Your Honor.

 9              THE COURT:  Juror No. 12, was this and is this your

10    verdict?

11              JUROR:  Yes, it is.

12              THE COURT:  Mr. McMahon and Mr. Shusterman you may

13    be seated.

14              Ms. Smith.

15              THE CLERK:  Members of the jury, you have heard the

16    verdict and answers thereto as delivered by your foreperson

17    and they have been recorded and each of you do agree?

18              (Affirmative response by the jury.)

19              THE CLERK:  Verdict recorded.

20              THE COURT:  Verdict recorded.  Ladies and gentlemen,

21    this concludes your service as jurors in this case.  Except

22    for one thing, and that is the Court wants to take the

23    opportunity to express its thanks to each and every one of you

24    for the undivided attention that you gave this case, which ran

25    longer than we predicted that it would.  Jury service is
```

1    always difficult in a long trial, in a complex case it's even

2    more demanding.  On behalf of your community, I thank you for

3    your service in this case.

4           The jury is now excused and you are all free to

5    depart.  However, it is my custom to come down into the jury

6    room and to greet each of the jurors personally before you

7    leave.  You're not required to stay for that.  If you're eager

8    to get on your way, please depart.  On the other hand, I would

9    like the opportunity to speak with you.  I will need to take

10   care of some additional matters here in the courtroom, it

11   could be 10, 15 minutes, but then I would expect to join you

12   in the jury room.  Please take the jury out.

13          (Jury left the courtroom.)

14          THE COURT:  Ms. Asif, please publish the verdict

15   form to counsel.

16          You may be seated.  Government's position with

17   respect to release?

18          MR. CLARKE:  Your Honor, we are seeking that he be

19   detained pending sentencing for three main reasons.  We think

20   that his testimony, Your Honor, is reflective of how

21   mendacious he can be and how absolutely unreliable he will be.

22   And in light of the sentence that he's now facing, Your Honor,

23   which is very, very considerable, we don't trust Mr.

24   Shusterman to follow this court's orders.  That's No. 1.  And

25   the Court has witnessed his testimony, Your Honor, his

1    evasiveness.  His sheer arrogance.  And we are concerned that

2    he won't attend.

3            Even if he's attended up until this point, Your

4    Honor, in light of now what he's faced with, the shock of what

5    he's looking at, the reality of what he's looking at, and the

6    enormous amount of time he's looking at in prison, and that we

7    will be seeking, we think there's a very, very strong motive

8    for him to flee.  And we don't think any promise, through

9    counsel or otherwise, is going to be sufficient to ensure that

10   he show up.  And there are a lot of victims in this case.  And

11   we think it's extremely important that he be here when told.

12   And even if he weren't, just the time and energy to go find

13   him, and to extend this for all the victims when this is, as

14   you know, Your Honor, goes back to starting in 2007, No. 1.

15           No. 2, Your Honor, we don't know where all the money

16   is.  We're concerned about that.  We're not sure how he

17   financed his representation.  Your Honor knows that he's been

18   through four different attorney groups.  One of them was

19   represented -- he represented himself to be worthy of the PD's

20   office.  And for a period of time he had assigned counsel, and

21   CJA counsel, and now he's got Mr. McMahon.  We're not sure how

22   he's doing it, Your Honor.  So we're concerned that he has the

23   means to flee.

24           Secondly, Your Honor -- I mean, thirdly, these are

25   kind of combined, the Court will recall there's been testimony

1    about the pan-Asian deal with China.  We don't have a

2    itinerary of flights going back and forth through China, but

3    we do have a foreign business that he touted, that he was

4    ready to represent, and that he had everything in line to go

5    forward, that Duane Morris and he had worked out all the

6    details.  We don't know all his contacts in that regard.  And

7    the fact that he lives in Miami, which is sort of the hub of

8    international flights in and out of the United States, ships,

9    Cuba, whatever the case may be, Your Honor.  We just -- we

10   think it's -- all that combined represents a scenario where we

11   think it's best in a case like this, with a defendant like

12   this, just to have him locked down in light of the conviction

13   the jury set in this case.

14            THE COURT:  Mr. McMahon, let me set out some options

15   for you in light of the government's motion.

16            MR. MCMAHON:  Sure.

17            THE COURT:  We can go ahead this afternoon and

18   conduct a review of the release order that was previously

19   entered in this case.

20            MR. MCMAHON:  Okay.

21            THE COURT:  Or option No. 2 is for the Court to

22   order your client taken into custody now, this afternoon, and

23   for the Court to schedule what is effectively a new detention

24   hearing either tomorrow -- I would prefer tomorrow, frankly,

25   which would allow counsel some time to prepare its response to

1    this broadside from the government.

2         It strikes me also, Mr. McMahon, not prejudging

3    these issues in any way, shape, or form, but that in the

4    intervening period, the defense side might have the

5    opportunity to put together a proposal that would give the

6    Court more assurance of the likelihood of your client's

7    appearing for sentencing than might currently be true with the

8    conditions set by the magistrate judge earlier in this case.

9    Such things as real estate currently occupied and owned by

10   close family members, who the Court might have some confidence

11   that the defendant would be extremely reluctant to see put on

12   to the street.  These sorts of things.

13        Again, not prejudging this at all, but it would be

14   an opportunity at least for the defense to perhaps marshal its

15   case a little bit on this question.  But frankly, I think the

16   state of the law is that given that your client was previously

17   ordered released, and No. 2, that his case by virtue of the

18   charges does not fall into that category under the Bail Reform

19   Act where detention is presumed after guilty verdict, but is

20   instead really just a new 3142 question of whether or not

21   there are conditions that can be fashioned.  I am not ready to

22   hold him today without a detention hearing on the one hand, or

23   your request that it be postponed until tomorrow on the other,

24   with the understanding that your client will remain in custody

25   until that detention hearing is conducted.

```
 1              Would you like an opportunity to consult your

 2    client?

 3              MR. MCMAHON:  I would, Your Honor.

 4              (Pause in the proceedings.)

 5              MR. MCMAHON:  Can we approach, Your Honor?

 6              THE COURT:  Counsel may approach.

 7              (Bench conference on the record.)

 8              THE COURT:  Do you want this on the record?

 9              MR. MCMAHON:  Yes.

10              THE COURT:  Does your client have an ear piece?

11              MR. MCMAHON:  We don't have to -- okay.  We can do

12    it -- does he have that earpiece?

13              (The following proceedings were had in open court.)

14              THE CLERK:  Mr. Shusterman, you have a ear piece on

15    the table there that you can listen to.  If you put it in your

16    ear and turn it on at the top.

17              (Bench conference on the record.)

18              THE COURT:  Can you hear me Mr. Shusterman?  If you

19    can hear me raise your hand.  Can you hear me Mr. Shusterman,

20    Mr. Shusterman can you hear me?

21              THE DEFENDANT:  (Nodding.)

22              THE COURT:  Okay.  He's nodding his head.  Go

23    ahead.

24              MR. MCMAHON:  I understand -- I would like to do it

25    tomorrow.  But here's my problem, just as a dynamic.  He -- to
```

```
 1    get the kind of things that you're talking about I need him,

 2    because he's got his phone, got to make phone calls.  Can we

 3    just release him until tomorrow?

 4             THE COURT:  No, I'm not going to let him go until

 5    I've got this issue resolved.

 6             MR. MCMAHON:  I understand.  Okay.  That's your

 7    ruling then.  Then let's bring him back tomorrow.

 8             THE COURT:  On your request?

 9             MR. MCMAHON:  Let me just talk to him, we can shore

10    that up.  I'll have to come back tomorrow and --

11             THE COURT:  So the options are we'd have a detention

12    hearing starting at 3:30 this afternoon, or on your motion

13    I'll postpone it until tomorrow.

14             MR. MCMAHON:  Gotcha.  Let me talk to him.

15             (Counsel confering with client.)

16             MR. MCMAHON:  May we approach again?

17             THE COURT:  You may.

18             (Bench conference on the record.)

19             THE COURT:  Back on the record at the bench.

20             MR. MCMAHON:  We'll do it tomorrow.  And I'll --

21    I'll write something up for Your Honor.

22             THE COURT:  Pull up the calendar for tomorrow.  I've

23    got to schedule this.

24             MR. MCMAHON:  Can you give me five minutes with him

25    here with his phone, so he can pull up numbers for me?  Just a
```

1        couple minutes, because if I go down stairs with him --

2                THE COURT:  Yes, because you won't have access to

3        the phone.

4                MR. MCMAHON:  Just a couple minutes.

5                THE COURT:  Let me see the Marshal.  We're off the

6        record.

7                (The following proceedings were had in open court.)

8                THE COURT:  Let the record reflect that a guilty

9        verdict has been returned in this case.  The government has

10       moved under the Bail Reform Act that the defendant -- that the

11       defendant's release be revoked and that he be taken into

12       custody and held in detention pending sentencing.  The

13       government's contention is that the defendant, during the

14       course of the trial, effectively obstructed justice or

15       attempted to do so, and displayed a lack of candor before the

16       jury, and therefore, circumstances are changed.  There's been

17       new conduct that warrants a revocation of his release.

18               I'm prepared to hold a hearing on that question

19       immediately, 40 minutes from now at 3:30.  But I understand

20       informally, from Mr. McMahon on behalf of the defendant, that

21       it's the defendant's request that this matter be postponed

22       over night so that defense counsel can better prepare for this

23       revocation hearing.  And I will grant that request.  That is

24       your request; true, Mr. McMahon?

25               MR. MCMAHON:  Yes, Your Honor.

```
 1           THE COURT:  Okay.  So I will grant that request and
 2     instead of conducting the hearing immediately, I will remand
 3     the defendant to the custody of the United States Marshal
 4     pending his release revocation hearing, which is being
 5     postponed at the request of his counsel, until 11:00 a.m.
 6     tomorrow morning.
 7           Any questions from the government?
 8           MR. CLARKE:  No, Your Honor.
 9           THE COURT:  Anything from the defendant?
10           MR. MCMAHON:  No, Your Honor.  And when I get back,
11     if I wish to do something in writing to Your Honor I will
12     e-mail it to you.  It may be, by the time I get back to
13     Philadelphia, it might be later this evening.
14           THE COURT:  Yes, well we'll look tomorrow morning --
15     just go ahead and docket whatever through CM/ECF.  The
16     government should docket their written request for the
17     revocation of release as well and state their basis.  And the
18     defendant presumably will respond.  And then we'll take it up
19     at the hearing tomorrow.
20           (Pause in the proceedings.)
21           THE COURT:  Back on the record I have entered an
22     order of temporary detention, holding the defendant until May
23     the 3rd, at 11:00 a.m., at which time the Marshals are to
24     return him to this courtroom for further proceedings.  This
25     order of temporary detention is made a part of the record in
```

1    the case.

2            The defendant is remanded to custody of the Marshal.

3    Counsel are excused.  Please allow me to travel to the jury

4    room before you take the defendant out.

5            MR. MCMAHON:  Judge, are we excused after I take

6    care of this, we're done?

7            THE COURT:  Yes.  You are excused.

8            (The proceedings were concluded.)

9

10           I, Christine Asif, RPR, FCRR, do hereby certify that
     the foregoing is a correct transcript from the stenographic
     record of proceedings in the above-entitled matter.

11

                       _____/s/_____
12                        Christine T. Asif
                        Official Court Reporter
13

14

15

16

17

18

19

20

21

22

23

24

25

< Dates >.
April 29th, 2016
   1:20.
March 2007 37:14.
May 2nd 57:12.
.
.
< 1 >.
1 5:3, 28:1, 43:18,
   47:13, 59:24,
   60:1, 60:5, 66:17,
   66:19, 71:5,
   72:21, 74:2.
1. 76:24, 77:14.
10 28:3, 43:21,
   60:7, 60:25,
   61:12, 71:23,
   73:23, 75:3,
   76:11.
101 1:48.
11 71:25, 75:6.
11:00 83:5, 83:23.
11:26 59:23.
12 49:12, 49:13,
   49:17, 50:4, 72:2,
   75:9.
13-460. 47:12,
   70:13.
15 76:11.
1:00 59:5, 59:6,
   59:10.
1:30 59:6, 59:10.
1:30. 59:5.
.
.
< 2 >.
2 2:16, 4:4, 4:12,
   4:20, 5:4, 5:5,
   5:8, 5:19, 5:20,
   28:2, 43:21,
   47:21, 47:22,
   59:25, 60:7,
   60:24, 61:12,
   70:7, 71:7, 72:24,
   74:4, 77:15,
   78:21, 79:17.
2-10 59:25.
2-10. 60:12.
20 59:8.
2007 24:5, 77:14.

2010. 24:6.
21201 1:49.
22 31:10.
2:10 70:15.
.
.
< 3 >.
3 4:14, 5:6, 50:12,
   71:9, 73:2,
   74:7.
3142 79:20.
35 60:24.
3:30 81:12.
3:30. 82:19.
3rd 52:15, 83:23.
.
.
< 4 >.
4 4:14, 5:6, 50:12,
   71:11, 73:5,
   74:10.
40 82:19.
46 31:10.
4th 1:48, 52:13.
.
.
< 5 >.
5 60:3, 68:3, 70:21,
   71:13, 73:8.
.
.
< 6 >.
6 71:15, 73:11,
   74:16.
60 6:1.
686 68:1, 69:23.
.
.
< 7 >.
7 2:4, 2:16, 2:17,
   3:3, 4:3, 4:11,
   4:13, 4:19, 4:21,
   5:3, 5:6, 5:7,
   5:18, 5:20, 60:2,
   71:17, 73:14,
   74:19.
7. 4:13.
.
.
< 8 >.

8 71:19, 73:17,
   74:22.
.
.
< 9 >.
9 71:21, 73:20,
   74:25.
90 6:1.
_____/s/_____
   _____ 84:14.
.
.
< A >.
a.m. 59:23, 83:5,
   83:23.
abetted 28:25, 29:9,
   45:3.
ability 17:13.
able 20:14, 50:17,
   59:18, 60:8,
   67:13, 67:14.
above-entitled
   84:12.
absence 27:24,
   43:1.
absolutely 76:21.
accept 18:6, 18:11,
   20:19, 23:4.
acceptable 56:10,
   56:17, 56:19,
   56:20, 65:23,
   66:1, 69:5.
access 82:2.
accident 24:14,
   26:8.
accomplice 19:6,
   19:13, 19:17,
   20:23.
accomplices 19:14,
   19:24, 20:2.
accomplish 35:21,
   36:25, 38:6,
   38:19, 42:10.
accomplished 30:15,
   38:3.
accomplishment
   29:11, 41:17.
accordance 12:21,
   48:7.
accorded 7:20.

Accordingly 26:23,
27:8, 42:13.
account 17:9.
accurate 17:9.
accurately 17:1.
accusation 11:12.
accused 36:2,
36:21.
acquiescence 41:9.
acquit 12:5,
34:11.
across 48:24,
58:18.
Act 23:23, 25:19,
26:13, 27:5, 27:6,
27:7, 36:7, 38:6,
38:18, 38:19,
40:21, 42:10,
79:19, 82:10.
acted 24:12, 24:15,
24:18, 25:4,
25:11, 25:13,
25:19, 26:1, 26:4,
26:5, 33:5, 33:9,
34:1, 34:4,
34:18.
action 29:13.
actions 27:4, 33:14,
38:14, 38:16.
activities 40:7.
activity 19:10.
acts 23:21, 24:13,
26:6, 26:18, 27:7,
27:10, 39:24,
40:18, 41:10,
41:17, 42:1, 42:2,
42:13, 42:16,
42:17, 42:21,
42:25, 43:3, 43:4,
43:6, 44:15,
44:16.
Actual 25:4, 37:4,
44:16.
actually 14:18,
19:1, 30:19,
31:24, 31:25,
34:6, 36:10, 37:8,
43:25, 52:3,
66:9.
Addition 10:21,

31:16, 54:16.
additional 70:10,
76:10.
address 48:18.
Administration
67:17.
admissibility
10:16.
admissible 10:11.
admit 10:20.
Admitted 9:10,
41:25, 54:16,
54:22, 55:1, 55:8,
55:14, 63:12,
63:17, 64:25,
65:5, 65:6,
65:10.
admonition 64:19,
64:20, 64:25.
advantage 29:18.
advise 4:10, 4:12,
4:14, 4:19,
58:3.
advised 41:20.
advises 41:22.
affairs 45:22.
affect 17:4.
Affirmative 75:18.
afternoon 69:13,
70:19, 78:17,
78:22, 81:12.
age 8:2.
agent 42:11,
44:19.
ago 39:16, 69:16.
agree 2:21, 2:22,
49:13, 49:22,
54:21, 75:17.
Agreed 9:18, 48:9,
48:12, 48:19,
69:2, 69:3,
72:4.
agreement 3:6, 9:17,
19:5, 20:12,
36:24, 37:14,
37:20, 37:24,
38:8, 38:15,
39:18, 39:21,
41:23, 45:25,
48:5, 48:7, 61:4,

65:9.
agreements 19:3.
ahead 52:9, 69:25,
78:17, 80:23,
83:15.
aided 28:24, 29:8,
45:3.
aiding 41:16.
aims 39:21, 41:5.
alarm 67:18.
alleged 23:11,
23:25, 24:2, 24:8,
24:10, 26:3,
28:20, 29:24,
31:13, 31:14,
31:19, 33:20,
36:1, 37:22,
37:25, 39:20,
39:25, 40:24.
alleges 24:4.
alleging 28:9.
allow 8:6, 78:25,
84:3.
allowed 22:16.
allowing 42:5.
allows 19:12.
alone 6:18, 8:15,
12:4, 15:13,
30:12.
Alternate 2:16,
3:10, 4:4, 4:12,
4:20, 5:3, 5:4,
5:8, 5:19, 5:20,
50:12, 50:14,
50:16, 51:11.
alternates 4:14,
5:6, 50:21.
Although 11:11.
ambit 40:22.
America 1:5, 7:19,
47:10, 71:1,
72:18.
among 9:17, 44:5,
49:11.
amount 32:23, 33:12,
77:6.
analyzing 11:10.
ancient 48:18.
announced 48:15.
Answer 47:18, 69:4,

69:22, 69:24,
70:1, 70:3,
71:3.
answered 72:10.
answers 9:15, 10:7,
75:16.
anticipate 5:25.
anybody 3:17.
apparently 61:17,
68:3.
appealed 21:13.
appear 16:24, 22:11,
54:6.
appearance 30:14,
70:11.
appearing 54:7,
79:7.
appears 69:21.
applicable 6:6.
applies 6:9, 31:6.
apply 6:11, 22:25,
28:13, 31:6.
appreciation
50:22.
apprised 40:6.
approach 51:25,
68:15, 80:5, 80:6,
81:16.
appropriate 5:9,
53:3.
appropriately
63:5.
argued 20:25.
argues 19:8, 19:9.
arguments 9:3, 15:2,
19:23, 46:9.
arising 18:17.
around 50:4.
aroused 24:24.
arrangement 30:12.
arrive 8:20.
arrived 50:19.
arrogance 77:1.
artifice 28:18,
28:22, 29:6,
29:10.
Asif 1:46, 76:14,
84:10, 84:15.
asks 15:11, 15:12.
assembled 41:5.

assertion 65:22.
assigned 77:20.
assignments 53:21.
assist 22:20, 35:8,
57:2.
assistance 11:10.
assisted 41:20.
assists 41:22.
associate 39:6.
associated 33:20,
49:4.
association 41:1.
Assume 13:17, 13:18,
13:21, 14:7,
14:15, 58:17.
assumed 10:1,
10:4.
assurance 79:6.
asterisk 68:2.
attached 68:8.
attachment 66:17,
66:19, 67:2, 67:6,
68:1, 68:5, 68:9,
68:20, 68:25,
69:23, 69:24.
attempt 46:21.
attempted 82:15.
attend 77:2.
attended 77:3.
attention 6:4,
23:20, 50:23,
75:24.
attitude 7:13.
attorney 6:14, 10:8,
10:10, 10:15,
77:18.
attorneys 10:11,
15:1.
AUSA 1:27, 1:29.
authorized 36:7.
automatically
41:2.
available 9:11,
27:1.
average 29:15.
avoid 10:23, 34:2.
avoidance 25:5.
aware 25:9, 50:13.
awareness 5:18,
39:20.

away 59:8.
.
.
< B >.
Back 4:16, 48:17,
49:24, 54:3,
56:13, 56:14,
59:6, 62:11,
62:14, 66:9,
66:14, 66:25,
67:8, 68:23,
77:14, 78:2, 81:7,
81:10, 81:19,
83:10, 83:12,
83:21.
bad 25:21.
Bail 79:18, 82:10.
Bailiff 51:19.
Baltimore 1:21,
1:49.
bar 7:23.
base 6:24.
based 3:5, 10:25,
11:4, 11:8, 12:19,
15:25, 21:15.
basic 39:21, 62:6.
basically 2:10.
basis 8:17, 14:12,
15:3, 15:7, 34:21,
83:17.
bear 20:11, 33:4,
44:20, 47:1.
bearing 18:9, 27:25,
40:13, 40:14.
became 37:17,
38:23.
become 5:21.
becomes 4:13, 41:22,
42:10, 46:17,
50:15.
began 12:3, 12:11,
24:5, 24:10.
begin 6:7, 51:15,
53:17, 53:20,
53:24, 58:4,
60:25.
begins 47:7.
begun 14:10.
behalf 21:24, 76:2,
82:20.

behavior 19:11.
belief 33:1, 33:7,
  33:12.
believe 16:9, 16:11,
  19:7, 19:20, 20:5,
  20:7, 21:3, 21:7,
  21:19, 23:1,
  55:15, 65:12,
  68:7.
believed 20:4,
  34:6.
believes 2:12,
  10:10.
belongings 51:9.
below 69:22.
Bench 10:12, 52:1,
  80:7, 80:17,
  81:18, 81:19.
benefit 20:2.
besides 54:16,
  57:15.
best 20:6, 62:12,
  64:5, 78:11.
better 10:24,
  82:22.
bias 7:12, 8:18,
  17:7.
biased 17:3.
big 56:18.
bit 79:15.
blindness 24:22,
  24:23.
board 68:8.
Boardman 59:14,
  64:13.
bottom 48:1.
box 4:13, 48:17,
  51:8, 62:3,
  64:20.
boxes 60:1, 60:8,
  62:2.
break 36:20, 49:22,
  50:2.
breaks 49:14.
Bredar 1:19.
brief 64:14.
Bring 4:23, 5:11,
  5:13, 59:6, 70:17,
  81:7.
broadside 79:1.

broken 62:7.
brought 2:4, 7:18,
  48:17, 53:19.
building 58:9,
  58:12, 58:13,
  58:17, 59:11.
burden 8:1, 8:4,
  8:24, 11:17,
  11:18, 11:20,
  12:8, 23:14,
  24:11, 25:18,
  32:5, 32:17,
  32:18, 33:23,
  37:10, 43:14.
business 35:17,
  35:21, 36:9, 39:6,
  53:16, 53:17,
  78:3.
.
.
< C >.
calculated 29:15,
  33:19.
calendar 81:22.
Call 5:24, 22:10,
  35:3, 50:3, 58:23,
  59:2, 66:5, 66:23,
  69:10, 71:4.
called 3:12, 13:8,
  13:13, 23:12,
  26:23.
calling 11:20.
calls 81:2.
candid 16:17.
candor 82:15.
capable 26:25.
card 58:10.
care 19:19, 20:18,
  51:16, 76:10,
  84:6.
careful 12:7.
carefully 16:12,
  45:19, 46:9.
carelessness
  24:15.
carried 27:15,
  29:25, 32:25.
carrying 19:1, 35:9,
  42:11.
cartons 9:13, 54:6,

54:7.
carts 54:5, 54:10,
  54:16, 54:22,
  55:1, 57:1,
  57:2.
cases 38:14.
catch 60:20.
category 79:18.
cause 17:6, 17:16,
  20:8, 20:9,
  33:13.
caused 17:8, 29:2,
  36:5.
causes 36:11.
causing 30:4, 33:11,
  33:21.
caution 19:19,
  20:18, 40:23,
  41:8, 45:6,
  49:5.
cell 49:23, 58:10,
  58:20.
certain 2:6, 9:18,
  10:1, 12:25,
  22:15, 23:21,
  27:4, 63:12,
  64:24.
certainly 49:14,
  49:25, 63:13.
certainty 23:22.
certification
  57:5.
certify 84:10.
cetera 5:8.
chair 5:9.
change 46:4.
changed 82:16.
character 41:19.
characterized
  38:10.
charge 23:11, 28:3,
  28:11, 28:15,
  32:16, 52:3.
charges 11:23,
  18:17, 18:21,
  23:21, 28:1, 28:4,
  28:9, 31:8, 33:17,
  42:2, 79:18.
chart 60:16, 60:25,
  61:13, 61:22.

charts 10:20, 10:21,
  10:23, 11:3, 11:5,
  11:8.
China 78:1, 78:2.
chooses 21:22.
Christine 1:46,
  84:10, 84:15.
circled 58:10.
Circuit 52:13,
  52:15, 52:18,
  53:3.
circumstance
  27:24.
circumstances 3:3,
  4:7, 16:13, 24:17,
  26:12, 26:14,
  27:10, 30:13,
  32:2, 38:11,
  82:16.
Circumstantial
  13:14, 13:16,
  14:11, 14:19,
  14:20, 14:22,
  15:10, 15:19,
  16:1, 24:19.
CJA 77:21.
claims 33:24.
Clarke 1:27, 2:18,
  3:23, 4:4, 54:13,
  54:17, 54:25,
  55:19, 58:23,
  62:18.
clean 12:3.
clear 3:14, 3:16.
clearly 27:6.
client 10:15, 58:14,
  59:15, 64:2,
  78:22, 79:6,
  79:16, 79:24,
  80:2, 80:10.
client. 81:15.
close 60:2, 79:10.
closed 24:20, 25:14,
  67:21.
closely 35:19.
closing 60:16,
  61:13.
CM/ECF 83:15.
co-conspirator 43:3,
  44:18.

co-conspirators
  39:25, 42:4,
  44:11, 44:20.
coincides 24:7.
collect 51:8.
collectively 48:20,
  50:1.
color 20:10.
column 65:3.
combination 14:6,
  36:24.
combined 77:25,
  78:10.
commenting 49:8.
commission 44:21,
  45:4.
commit 26:2, 28:2,
  36:23, 37:6,
  47:15, 72:23.
commits 44:18.
committed 23:24,
  36:22, 37:9, 42:3,
  43:24, 44:1, 44:3,
  44:7, 44:10,
  45:3.
common 14:12, 15:4,
  15:20, 21:14,
  23:6, 38:17, 41:5,
  42:15, 44:4,
  45:20.
communicate 46:18,
  46:21, 46:24,
  49:5, 49:24,
  67:10.
communication 34:25,
  35:2, 35:12,
  35:16, 35:24,
  35:25, 51:3,
  59:19, 59:23,
  60:13, 66:16,
  66:19, 67:15,
  67:25, 70:16.
communications
  50:8.
community 7:16,
  76:2.
compare 16:21.
complete 7:13,
  32:16.
completed 64:17.

completely 17:9,
  49:20.
completing 48:9.
complex 76:1.
comply 6:10.
concealment 30:8.
concern 7:15, 22:8,
  30:25, 45:8,
  45:12.
concerned 6:21,
  55:9, 77:1, 77:16,
  77:22.
concerns 21:11.
conclude 14:10,
  15:7, 25:4,
  34:9.
concluded 51:2.
concluded. 66:12,
  84:8.
concludes 75:21.
conclusion 15:16,
  45:16.
conclusions 18:18.
conclusively 27:6.
conditions 79:8,
  79:21.
conduct 3:2, 24:16,
  25:20, 25:23,
  33:18, 38:11,
  41:4, 49:2, 78:18,
  82:17.
conducted 79:25.
conducting 83:2.
confederates 42:4.
confer 68:24.
conference 10:17,
  52:1, 80:7, 80:17,
  81:18.
conferences 10:12.
conferring 81:15.
confidence 79:10.
configured 13:19.
conflicts 7:5,
  21:5.
connection 2:10,
  40:3.
conscientious
  46:10.
conscious 25:5,
  26:7, 34:2.

consciously 17:8.
consequence 2:8.
consequences 26:18,
  45:11.
consequent 32:19.
Consider 6:19, 7:24,
  9:16, 10:5, 11:1,
  11:8, 13:3, 16:16,
  17:2, 21:6, 21:8,
  22:22, 23:8,
  23:13, 26:13,
  26:16, 27:25,
  28:5, 32:6, 38:16,
  39:3, 39:14, 43:2,
  45:18, 64:21.
considerable
  76:23.
consideration 7:19,
  7:22, 11:2, 12:7,
  17:11, 18:3, 33:4,
  46:2.
considerations
  19:21, 22:25.
considered 9:4, 9:9,
  9:10, 18:9, 31:5,
  40:4, 42:24,
  43:10.
Considering 4:7,
  15:21, 19:25,
  46:9.
Consistent 16:22,
  53:2, 69:15.
consists 9:5.
conspirator 39:17,
  40:15, 41:24.
conspirators 37:25,
  40:19, 42:11,
  44:5, 44:20.
conspired 26:2.
constitute 30:9,
  30:17.
constituting
  44:15.
consult 45:23,
  80:1.
contact 67:20.
contacts 78:6.
contain 35:15, 54:6,
  54:10.
contained 10:6,

11:7.
contains 28:1.
contemplated
  31:19.
contention 82:13.
contents 60:1,
  62:13.
context 38:13.
continue 2:12,
  12:12, 48:1, 64:4,
  64:13.
continued 24:6.
contractual 30:18.
contradict 16:23.
conversation 2:4,
  3:16.
convey 30:13.
convict 16:4,
  34:21.
convicted 45:10.
convicting 14:23.
conviction 19:15,
  46:6, 46:11,
  78:12.
convinced 12:6,
  12:13, 46:5.
cooperate 38:5.
copies 9:12,
  70:10.
copy 11:14, 23:16,
  53:9, 56:23,
  56:24, 62:16,
  66:16, 70:7.
correct 4:9, 56:13,
  58:19, 65:22,
  67:23, 84:11.
corrected 52:19.
correctly 11:6.
corresponds 61:14.
Count 23:12, 23:13,
  23:15, 28:1, 28:5,
  28:6, 28:8, 35:22,
  43:18, 43:19,
  43:24, 47:13,
  47:21, 47:22,
  61:14, 72:21,
  72:24, 73:2, 73:5,
  73:8, 73:11,
  73:14, 73:17,
  73:20, 73:23.

country 35:5.
Counts 28:1, 28:2,
  28:14, 43:21,
  48:1, 59:25, 60:7,
  60:12, 60:17,
  60:24, 61:12.
counts. 70:17.
couple 51:15, 82:1,
  82:4.
course 21:23, 29:12,
  36:9, 38:7, 45:22,
  46:3, 50:8, 50:14,
  50:15, 66:10,
  82:14.
court. 53:8, 80:13,
  82:7.
courthouse 13:17,
  59:4.
courtroom 2:3, 2:15,
  3:5, 4:18, 9:21,
  9:24, 13:19,
  13:22, 13:23,
  13:25, 14:3, 14:7,
  14:14, 48:17,
  48:24, 49:21,
  61:16, 70:12,
  76:10, 83:24.
courtroom. 5:14,
  54:2, 70:18,
  76:13.
courts 19:13.
credence 20:22.
credibility 7:4,
  16:6, 18:10,
  18:15, 19:22.
crime 23:11, 36:4,
  37:2, 37:6, 37:8,
  37:11, 40:24,
  42:6, 42:8, 43:23,
  44:1, 44:3, 44:7,
  44:10, 44:18,
  44:25, 45:1,
  45:4.
crimes 7:17, 8:7,
  8:16, 19:1, 23:8,
  23:10, 27:17,
  27:23, 43:12,
  43:15, 43:21,
  44:14, 44:16,
  44:22, 45:6.

crimes. 37:5.
CRIMINAL 1:9, 7:15,
    11:20, 19:10,
    19:11, 21:21,
    36:24, 41:3,
    44:21, 47:11,
    69:15, 71:1,
    72:19.
cross-examination
    9:25, 16:22.
crucial 8:11.
Cuba 78:9.
currently 79:7,
    79:9.
Cusatis 61:15.
custody 78:22,
    79:24, 82:12,
    83:3, 84:2.
custom 76:5.
.
.
< D >.
date 23:22, 23:25,
    24:1, 24:2, 24:7,
    24:8, 48:3, 48:8,
    57:12, 65:5,
    65:6.
dated 57:11,
    72:11.
dates 23:21, 36:15,
    36:18, 62:8.
day 13:18.
deal 19:5, 78:1.
deceit 29:23.
Deceitful 30:7.
deceive 29:15, 30:6,
    33:19.
deception 29:23,
    30:11, 30:14.
deceptive 30:14,
    32:24.
decide 6:10, 7:1,
    7:7, 8:15, 11:5,
    12:15, 15:13,
    16:7, 16:14,
    18:11, 19:19,
    20:19, 21:3,
    26:19, 26:23,
    45:22, 46:1.
decided 10:14,

10:20, 21:24.
deciding 6:10, 13:6,
    16:11, 20:22,
    21:6, 22:25, 33:5,
    39:1, 43:3.
decision 7:25, 15:6,
    18:5, 18:21,
    18:22, 22:21,
    31:1, 31:5,
    50:1.
decision-making
    8:8.
declarations 42:14,
    42:18.
deduction 15:16.
deemed 39:9, 42:16,
    44:19.
deep 50:22.
defendants 12:25.
defense 15:12,
    32:16, 32:17,
    33:2, 54:8, 55:3,
    55:8, 55:20,
    55:21, 56:3, 56:6,
    56:8, 56:9, 56:20,
    56:24, 59:3,
    59:16, 62:12,
    79:4, 79:14,
    82:22.
defined 32:12.
definition 52:11.
defraud 28:18,
    28:22, 28:24,
    29:6, 29:12,
    29:21, 29:22,
    29:24, 30:21,
    31:9, 31:15,
    31:18, 31:22,
    32:1, 32:5, 32:10,
    32:11, 32:15,
    33:7, 34:11,
    34:17, 34:19,
    35:1, 35:9,
    36:1.
deliberate 6:2,
    6:20, 25:5, 25:12,
    29:20, 34:1, 34:4,
    45:6, 45:24,
    50:20, 53:24.
deliberately 24:20,

24:24, 25:3,
    25:14, 26:5,
    45:18.
deliberating 50:1,
    50:6, 50:10,
    53:17, 58:5.
deliberation 49:14,
    49:19, 51:15,
    65:1.
deliberations 11:15,
    11:25, 12:12,
    13:2, 19:25,
    23:18, 45:9, 46:3,
    46:15, 46:17,
    49:6, 49:19,
    49:23, 50:4,
    50:11.
deliver 5:25, 53:13,
    55:20, 56:23,
    66:4, 67:1, 69:5,
    69:11, 69:17,
    69:25, 70:3.
delivered 5:2, 52:3,
    53:18, 53:22,
    53:23, 57:22,
    57:25, 75:16.
delivering 57:2,
    63:7.
delivery 57:13.
demanding 76:2.
demeanor 16:16.
demonstrating 25:7,
    34:7.
denies 10:3.
depart 4:11, 51:9,
    53:25, 76:5,
    76:8.
departed 51:12.
department 2:9.
deprive 29:22.
depriving 31:19.
deputy 2:3, 2:15,
    3:6.
describe 8:4.
described 62:10.
description 62:6.
deserves 18:8,
    18:15, 20:20,
    23:3.
deserving 18:3.

design 38:18.
detail 17:22, 21:12,
  38:2.
details 40:8,
  78:6.
detained 76:19.
detention 78:23,
  79:19, 79:22,
  79:25, 81:11,
  82:12, 83:22,
  83:25.
determination 21:8,
  23:7.
determine 7:4,
  21:16, 31:3, 43:4,
  45:13.
determined 7:7.
determining 21:19,
  38:15, 39:14,
  45:21.
device 29:12,
  49:24.
devices 49:20,
  50:5.
devise 29:17.
devised 26:24,
  32:25.
difference 3:4.
different 6:8, 6:15,
  15:9, 17:15,
  20:13, 40:18,
  77:18.
differently 17:18.
differs 46:11.
difficult 76:1.
Direct 13:8, 13:9,
  13:13, 14:5,
  14:21, 14:22,
  15:10, 15:18,
  16:1, 16:20, 27:1,
  32:1, 38:9.
directly 26:9,
  35:23.
disabled 67:18.
disbelieve 21:25.
disclose 30:16,
  30:23, 48:13.
disclosure 30:19,
  30:21.
discredit 17:16.

discrepancies
  17:14.
discrepancy 17:20,
  17:22.
discuss 23:9, 49:11,
  50:24.
discussed 41:5.
discussion 49:16.
disobey 25:22,
  38:8.
displayed 82:15.
disputed 13:15,
  15:7.
disregard 7:10,
  9:14, 21:25,
  25:12, 25:22,
  29:20, 34:1, 34:4,
  38:8.
disregarded 9:22.
distance 62:3.
distant 26:25.
distinct 37:3,
  40:18.
distinction 14:22.
distraught 2:12.
District 1:1, 1:2,
  47:8, 72:17.
division 47:3.
DL 61:1.
docket 67:4, 70:6,
  83:15, 83:16.
document 47:6, 47:7,
  47:12, 57:15,
  63:3, 63:19,
  64:7.
documents 10:22,
  10:25, 53:14,
  53:19, 53:22,
  59:25, 60:7,
  60:12, 60:18.
doing 3:1, 64:16,
  77:22.
done 7:8, 26:13,
  26:18, 27:5,
  32:23, 42:15,
  42:21, 42:25,
  43:6, 43:8, 52:15,
  84:6.
door 3:11, 3:14,
  3:17, 48:10,

48:12, 53:25,
  54:4, 66:21,
  67:10, 67:12,
  67:13, 67:14,
  67:19, 67:21.
doors 13:20.
down 4:15, 5:6,
  60:13, 76:5,
  78:12, 82:1.
draw 7:6, 7:7,
  12:23, 15:11,
  15:12, 15:14,
  15:17, 15:22,
  18:18, 23:20,
  25:15, 26:16,
  40:22.
drawing 15:14,
  15:19.
drawn 15:10, 16:2,
  27:12, 40:1,
  65:9.
drink 49:15.
dripping 13:24,
  14:1, 14:8.
Duane 78:5.
due 25:24.
duration 40:16.
During 11:15, 15:1,
  19:25, 23:18,
  43:5, 46:17,
  49:21, 50:14,
  50:23, 67:9,
  82:13.
duty 6:8, 6:9, 6:24,
  7:1, 7:11, 7:13,
  10:8, 10:11,
  11:20, 21:15,
  30:18, 45:9,
  45:12, 45:23,
  46:13.
dynamic 80:25.
.
.
< E >.
E-mail 35:5, 60:19,
  61:1, 61:8, 68:2,
  68:5, 69:1, 69:23,
  83:12.
e-mails 60:14, 61:1,
  61:19, 62:8,

65:21.
eager 76:7.
ear 80:10, 80:14,
    80:16.
Earlier 2:3, 20:25,
    21:5, 79:8.
earpiece 80:12.
effect 17:20, 46:6,
    51:1, 51:6.
effectively 78:23,
    82:14.
eight 60:14,
    61:20.
either 3:22, 4:2,
    15:18, 38:4,
    53:18, 56:15,
    78:24.
elect 46:14,
    53:16.
electronic 49:20,
    49:24.
electronically
    9:12.
element 27:16, 29:4,
    32:6, 32:8, 32:14,
    34:9, 34:20,
    34:23, 35:11,
    35:18, 36:4,
    37:18, 37:22,
    38:20, 43:15.
elements 28:13,
    28:16, 37:12,
    43:22, 44:12,
    44:24.
embraces 29:16.
emotionally 2:11.
emphasizing 63:2.
employed 17:25.
end 35:22, 48:8,
    63:23.
energy 77:12.
enforcement 7:15,
    17:24, 18:2, 18:6,
    22:7.
engaged 41:20,
    49:13, 49:19,
    50:5.
engages 41:21.
engineer 67:18.
enormous 77:6.

enough 19:14,
    63:18.
ensure 62:11,
    77:9.
enter 19:4, 42:9,
    45:8, 69:19.
entered 5:14, 20:12,
    37:13, 37:20,
    37:23, 70:18,
    78:19, 83:21.
entering 19:3.
enters 4:18.
entertain 46:10.
entertained 30:9.
entirely 9:22,
    25:13, 26:19.
entitled 7:21, 8:3,
    11:1, 11:8.
entitles 7:19.
enumerated 60:7.
envelope 55:23.
equal 28:13,
    40:20.
Equally 7:16, 8:6.
equals 7:23.
erroneous 46:5.
error 17:23.
Esquire 1:33.
essential 32:14,
    35:13, 37:12,
    39:12.
establish 23:22,
    27:1, 27:18,
    27:19, 31:18,
    32:17, 33:17,
    34:24, 36:3,
    36:13, 37:11,
    37:19, 38:21,
    41:6.
established 14:13,
    14:15, 15:4,
    15:18, 24:2, 25:6,
    27:9, 32:2, 34:7,
    34:14, 34:16,
    38:8, 39:23.
establishes 19:15,
    23:24, 33:25,
    34:3, 34:19,
    36:17.
estate 79:9.

et 5:8.
evaluate 22:2,
    43:11.
evasive 16:19.
evasiveness 77:1.
evening 83:13.
events 27:4,
    27:11.
everything 33:7,
    62:10, 78:4.
evidence. 69:25.
exact 23:22,
    36:15.
exactly 6:1, 6:14.
examination 16:20.
examine 20:17,
    22:2.
example 13:16,
    35:3.
Except 46:21,
    75:21.
exclusive 7:3.
exclusively 21:15,
    45:10.
excuse 4:3, 33:14.
excused 2:16, 4:11,
    4:19, 4:21, 5:19,
    50:21, 66:5, 66:8,
    69:10, 76:4, 84:3,
    84:5, 84:7.
execution 29:1,
    35:20, 35:25.
exercise 15:20,
    56:18.
Exhibit 56:13,
    56:14, 57:16,
    59:24, 60:6,
    60:11, 60:17,
    61:8, 61:18,
    61:19, 62:6, 62:7,
    62:11, 62:14,
    62:23, 66:9,
    66:18, 67:5, 68:1,
    68:13, 68:14,
    68:17, 69:22.
exist 32:6, 44:5,
    44:12.
existed 38:16,
    38:18, 38:25,
    44:2.

existence 14:16,
  15:5, 24:23,
  34:17, 38:7,
  38:11, 41:7, 43:5,
  44:24.
exists 15:7, 15:8,
  24:23.
expect 59:11,
  76:11.
expected 30:24.
experience 14:12,
  15:4, 15:24,
  17:19.
experienced 22:19.
Expert 22:16, 22:18,
  22:22, 22:23,
  23:2, 23:5.
explain 65:13.
explained 5:22.
explaining 6:7.
explanation 21:12,
  21:13.
explanations 27:7.
express 17:13,
  22:17, 75:23.
expression 7:8,
  30:8.
extend 77:13.
extent 40:12, 40:13,
  40:16.
extra 46:14.
extremely 77:11,
  79:11.
eyes 24:20, 25:2,
  25:14.
.
.
< F >.
faced 77:4.
facing 76:22.
factor 39:13.
factors 18:9.
factual 7:1, 7:10.
failed 25:3, 30:20,
  67:13.
fails 12:8, 24:25.
failure 17:19,
  30:16, 30:22.
Fair 63:18.
fairness 7:13.

faith 32:15, 32:18,
  32:19, 32:25,
  33:6, 33:10.
fall 79:18.
false 21:9, 28:19,
  29:6, 29:13,
  29:19, 29:25,
  30:2, 30:9, 30:13,
  30:22, 31:3,
  31:16, 32:21,
  33:15, 34:2,
  35:15.
falsehood 17:23.
falsely 20:5, 20:17,
  30:6.
falsity 33:24.
familiar 46:19.
family 79:10.
far 50:18, 55:8,
  62:23.
fashioned 79:21.
fathoming 26:10.
favorable 12:23,
  20:4, 20:16.
FCRR 1:46, 84:10.
fear 8:18, 25:2.
Federal 1:47, 18:1,
  19:13, 37:2,
  37:4.
feelings 8:1, 8:7.
feels 13:12.
fell 67:13.
fellow 46:3, 46:7,
  46:10, 49:6.
few 13:24, 19:24,
  53:20, 69:16.
field 22:20.
Fifth 44:9.
file 55:25, 56:2,
  56:4, 56:7,
  56:25.
filed 47:7.
fill 48:6.
filled 54:6.
final 5:23, 7:13,
  34:23, 66:4.
financed 77:17.
financial 33:11,
  33:13, 39:11.
finding 7:11, 33:9,

36:4.
finds 19:15.
fine 3:8, 52:14,
  56:5, 65:17,
  65:20.
fingers 64:10.
finished 45:5,
  48:9.
First 28:9, 28:17,
  29:4, 37:13,
  37:18, 39:17,
  43:4, 43:23,
  46:13, 48:15,
  53:15, 60:5, 67:8,
  67:16, 68:4,
  69:13.
five 44:12, 44:24,
  63:20, 66:6,
  81:24.
flee 77:8, 77:23.
flights 78:2,
  78:8.
Floor 1:48.
folder 56:1, 56:2,
  56:7, 56:9, 56:25,
  68:2.
folder. 69:24.
follow 6:13, 6:17,
  36:8, 76:24.
Following 28:16,
  37:12, 43:22,
  48:18, 53:8,
  59:23, 70:15,
  80:13, 82:7.
follows 32:15,
  67:25, 69:20.
foolish 25:8,
  34:8.
forbidden 46:24.
forbids 25:21.
force 28:13, 50:25,
  51:6.
foregoing 84:11.
foreign 29:2, 35:5,
  78:3.
forelady 72:9.
foreperson 46:14,
  47:18, 48:2, 48:3,
  48:6, 48:7, 48:10,
  48:13, 48:22,

53:16, 53:24,
58:4, 60:3, 68:4,
70:21, 72:8,
74:13, 75:16.
foreperson. 48:22.
foreseeable 35:25,
42:13, 42:21.
foreseen 36:10,
44:10.
form 47:5, 47:20,
48:2, 48:4, 48:6,
48:8, 48:10,
48:23, 53:10,
56:23, 57:22,
66:4, 70:23,
72:10, 72:20,
76:15, 79:3.
Form. 47:13.
formal 3:23,
37:24.
former 5:7.
forms 10:19.
forth 31:9, 78:2.
forthright 16:18.
forward 78:5.
found 39:17, 42:23,
44:1, 44:4.
four 77:18.
Fourth 44:6.
frank 16:17.
frankly 78:24,
79:15.
fraudulent 25:10,
28:19, 28:23,
29:6, 29:14,
29:25, 30:5,
30:10, 30:17,
30:22, 31:6,
31:17, 32:19,
32:23, 32:25,
33:14, 33:21,
35:7, 35:16.
free 49:14, 49:25,
76:4.
freedom 20:15.
Friday 1:20.
friendly 41:3.
front 5:9, 55:5.
full 50:25, 51:6,
51:21, 57:1.

fully 40:7.
furtherance 31:14,
35:1, 42:15,
42:22, 43:5,
43:9.
furthering 39:6,
41:21.
.
.
< G >.
G-u-y-t-o-n 51:23.
gain 20:8, 29:18,
31:24.
gather 59:16.
gave 75:24.
General 14:21,
19:21, 29:16,
67:17.
gentlemen 5:16,
5:22, 51:14,
53:15, 69:21,
70:20, 75:20.
give 4:24, 6:14,
6:25, 11:2, 11:3,
13:15, 17:8,
18:14, 20:20,
20:23, 21:18,
23:1, 28:13,
64:12, 72:14,
79:5, 81:24.
given 16:8, 19:21,
45:19, 53:21,
79:16.
giving 20:16.
Gotcha 81:14.
govern 23:10.
GPS 64:9.
grant 82:23, 83:1.
gratitude 50:22.
great 19:5, 19:19,
20:18.
greater 7:19, 11:2,
18:4.
greet 76:6.
groups 77:18.
GSA 66:23, 67:20.
guess 15:6.
guesswork 15:15.
guided 8:10.
guilt 8:13, 8:22,

8:25, 11:17, 12:6,
12:14, 12:16,
12:22, 14:24,
16:3, 18:19,
18:22, 19:16,
27:19, 27:21,
40:15, 43:4.
Guy 51:23.
Guyton 51:20,
51:23.
.
.
< H >.
half-truths 30:7,
31:7.
hand 8:23, 34:12,
34:13, 34:15,
48:24, 55:5,
60:13, 61:22,
65:9, 70:23, 76:8,
79:22, 80:19.
handing 66:16.
handle 66:21,
67:12.
hands 54:9.
happen 41:11.
happened 3:16.
he'll 59:18.
head 2:7, 80:22.
hear 4:16, 17:18,
51:1, 59:18,
80:18, 80:19,
80:20.
heard 9:20, 13:10,
15:1, 17:24,
18:16, 18:25,
20:24, 22:15,
52:3, 52:7,
75:15.
hearing 3:2, 10:13,
10:17, 78:24,
79:22, 79:25,
81:12, 82:18,
82:23, 83:2, 83:4,
83:19.
hears 13:13.
heavy 56:25.
held 82:12.
help 16:14.
helping 21:3.

helps 62:5.
hereby 84:10.
herself 16:23,
  17:13.
hesitate 8:22, 9:1,
  46:4.
hiding 16:19.
high 25:9.
Hold 60:20, 65:6,
  79:22, 82:18.
holding 64:10,
  83:22.
home 2:10.
honest 33:1, 33:12,
  46:6.
honestly 30:9.
Honorable 1:19.
hope 48:19, 48:22.
hoped 20:4.
hopes 20:7.
hostility 17:7.
hub 78:7.
human 26:11,
  29:17.
hyphen 68:1.
hypothetical 14:2.
.
.
< I >.
identification
  9:8.
identified 65:5.
identities 40:5.
ignorance 24:14.
illegal 41:21.
immaterial 27:22,
  30:15.
immediately 47:21,
  82:19, 83:2.
impartial 12:7,
  46:2.
impartiality 7:14.
importance 16:15,
  17:21.
important 7:14,
  7:16, 21:11, 25:2,
  31:5, 39:22,
  45:21, 77:11.
imposed 51:5.
imposes 11:19.

imposing 45:9.
improper 7:24, 8:6,
  8:9.
in. 70:17.
inaccurate 33:2.
inadvertence
  25:24.
inappropriate
  63:16.
incentive 17:5.
incident 17:17,
  35:13.
include 50:20.
including 9:21.
Inconsistencies
  17:14.
inconsistency 21:10,
  21:13.
inconsistent 21:1,
  21:2, 21:17,
  21:18.
inconvenience
  10:23.
incorporated 10:1.
independent 11:1,
  22:21, 37:3,
  39:24.
indicate 7:9, 26:15,
  48:13.
indication 62:2.
indicted 11:11,
  13:1.
indispensable
  35:10.
individual 29:18,
  45:25.
individuals 7:23.
infer 14:12, 14:16,
  15:3, 24:18,
  26:11, 38:10.
inference 12:23,
  15:2, 15:5, 15:16,
  26:16, 40:2,
  40:9.
inferences 7:6,
  15:9, 15:12,
  15:13, 15:14,
  15:19, 15:23,
  16:2, 18:19,
  25:15, 27:12,

  40:1.
inferred 24:22,
  27:2, 27:13.
influence 45:9.
inform 48:10.
informal 2:14,
  3:5.
informally 2:5,
  82:20.
information 9:23,
  11:6, 30:16.
informed 40:8.
ingenuity 29:17.
initials 47:12.
inner 67:20.
innocence 8:3,
  12:4.
innocent 11:22,
  11:24, 17:18,
  17:23, 21:10,
  27:20, 35:17.
inquire 25:3.
inquiries 24:25.
instance 47:21.
instances 50:18.
instead 79:20,
  83:2.
instruct 6:5, 6:8,
  7:10, 8:18, 11:23,
  28:9, 28:10, 32:7,
  34:20, 40:3,
  53:3.
instructed 18:18,
  22:5, 25:17,
  39:11.
instruction 6:18,
  49:18, 50:24,
  50:25, 52:25,
  64:13.
instructions 5:24,
  6:16, 6:19, 12:21,
  23:17, 28:12,
  32:13, 43:16,
  45:5, 45:19,
  53:10, 56:24,
  57:22.
instrument 26:24.
intelligence
  45:20.
intended 36:10.

intends 26:17.
Intent 25:20, 26:9,
  26:12, 26:21,
  27:5, 27:8, 27:13,
  27:25, 28:23,
  30:6, 30:21,
  32:11, 32:14,
  32:19, 32:23,
  34:11, 34:19.
intention 4:3, 39:5,
  41:16.
intentional 17:23.
intentionally 24:13,
  26:1, 26:4, 28:24,
  32:13, 41:19.
interact 67:12.
interaction 2:8.
interactions 3:20.
interest 20:6,
  20:13, 22:3,
  39:11, 39:13.
interested 62:6.
interests 41:6.
interfere 8:8,
  8:19.
international 34:25,
  78:8.
internet 49:9.
interpretation
  60:9.
interrogate 3:3.
interstate 29:2,
  34:25, 35:18.
intervening 79:4.
investigative
  22:6.
investor 62:8.
involve 26:21.
involved 3:23, 19:1,
  22:11, 25:10,
  35:24, 38:12.
involvement 28:6.
irregular 27:14.
issue 22:12, 25:16,
  40:15, 43:3,
  52:21, 81:5.
issues 3:18, 7:2,
  49:4, 79:3.
itinerary 78:2.
itself 11:13, 19:14,

  27:6, 35:7, 35:15,
  40:25.
.
.
< J >.
J. 1:27, 1:29,
  1:33.
James 1:19.
Jersey 35:4.
JKB 47:11.
JKB-13-0460 1:9,
  59:22, 69:15,
  71:1.
JKB-13-460 72:19.
John 1:33.
join 36:25, 64:2,
  76:11.
joined 39:3, 39:18,
  39:19, 40:10.
jointly 3:13.
Jr 1:33.
Judge 4:21, 5:2,
  6:8, 51:13, 51:18,
  52:8, 54:9, 59:20,
  61:3, 61:17,
  64:17, 64:24,
  72:14, 79:8,
  84:5.
judges 7:3, 16:5,
  16:6.
judgment 21:16,
  23:6, 45:17,
  46:1.
July 24:6.
JURORS 5:17, 8:9,
  12:5, 16:5, 45:23,
  46:3, 46:7, 46:10,
  49:6, 50:14,
  50:16, 51:11,
  67:2, 67:12, 72:6,
  72:8, 75:21,
  76:6.
jury. 75:18.
justice 7:23,
  82:14.
justified 15:24.
justifies 36:4.
justify 40:9.
.
.

< K >.
K. 1:19.
keep 23:16.
key 39:18.
kind 9:22, 18:19,
  19:4, 36:23,
  77:25, 81:1.
knock 3:11.
knocked 3:14,
  3:17.
knowing 34:10,
  34:18, 41:22.
knowingly 24:12,
  24:13, 24:15,
  24:18, 25:4,
  25:13, 26:18,
  28:21, 28:24,
  29:8, 32:10,
  32:12, 37:16,
  38:22, 39:3,
  39:18.
Knowledge 13:11,
  17:1, 19:11,
  22:12, 22:18,
  24:21, 25:4, 25:5,
  25:6, 25:19,
  26:21, 27:9,
  27:13, 28:23,
  33:24, 34:5, 34:7,
  36:8, 39:4, 40:2,
  40:9, 41:8, 41:11,
  41:15, 43:1,
  44:16.
known 13:11, 30:3,
  40:5.
knows 77:17.
.
.
< L >.
lack 12:20, 27:19,
  32:19, 82:15.
lacked 34:11.
Ladies 5:15, 5:22,
  51:14, 53:15,
  69:20, 70:20,
  75:20.
Last 4:13, 5:22.
later 13:24,
  83:13.
laws 7:15, 37:4.

lawyer 9:25, 10:6.
learn 49:3.
learned 25:3.
learning 34:3.
least 39:20, 41:15,
  79:14.
leave 51:7, 58:17,
  76:7.
left 54:2, 58:10,
  76:13.
legal 6:13, 6:15,
  22:5, 30:18.
lengthy 50:23.
Leo 1:29.
less 7:21, 14:20,
  18:3.
lesser 18:4.
liability 40:15.
lie 20:9.
light 2:14, 15:24,
  23:3, 43:16,
  45:19, 76:22,
  77:4, 78:12,
  78:15.
lighter 20:15.
likelihood 79:6.
limit 9:23.
limited 21:3.
line 4:12, 4:23,
  78:4.
lines 65:9.
list 56:13, 57:17,
  62:7, 62:11,
  62:14, 62:23,
  66:9, 66:18, 67:5,
  68:13, 68:17.
listed 63:11.
listen 80:15.
listening 52:11.
lists 56:14.
litigation 7:20.
little 79:15.
lives 78:7.
local 2:9, 18:1.
locate 60:8.
locator 64:9.
locked 78:12.
logical 14:9, 15:6,
  16:1.
Lombard 1:48.

London 35:6.
long 27:8, 35:19,
  35:24, 48:18,
  50:15, 64:1,
  76:1.
longer 50:17,
  75:25.
look 14:3, 20:21,
  63:10, 63:20,
  65:18, 83:14.
looked 65:21.
looking 63:17, 77:5,
  77:6.
lose 33:8.
loss 31:25, 33:11,
  33:14, 33:21.
lot 77:10.
loud 48:25.
louder 38:14.
loyalty 17:5.
lunch 59:4.
lying 20:2.
.
.
< M >.
Madame 65:8, 72:9,
  74:13.
magistrate 79:8.
main 76:19.
major 40:19.
manner 16:16, 27:14,
  30:14, 46:24.
March 24:5.
mark 47:18, 59:25,
  60:3.
marked 9:8, 56:9.
marriage 2:6.
Marshal 79:14, 82:5,
  83:3, 84:2.
Marshals 83:23.
Martin 1:27.
Maryland 1:2, 1:21,
  1:49, 61:1,
  72:18.
Maryland. 47:9.
material 30:8,
  30:23, 30:24,
  31:7, 31:13,
  31:17, 32:22,
  35:16.

materially 28:19.
materials 5:8.
matter 7:15, 15:15,
  16:14, 17:21,
  28:5, 30:23,
  33:16, 40:2,
  45:21, 59:17,
  67:8, 67:16,
  82:21, 84:12.
matters 2:6, 6:13,
  7:10, 17:12,
  22:12, 22:17,
  51:16, 58:22,
  76:10.
mean 2:21, 18:2,
  36:6, 77:24.
means 25:19, 29:6,
  29:13, 29:17,
  31:2, 38:2, 49:9,
  77:23.
measured 40:16.
mechanism 67:12.
media 9:21.
Medical 26:24.
meet 33:23.
member 5:21, 36:22,
  37:17, 38:23,
  39:2, 39:15, 40:4,
  40:6, 40:17,
  40:25, 41:2,
  41:13, 42:10,
  42:14, 42:20,
  43:8, 43:17, 44:6,
  46:25.
Members 7:2, 37:23,
  39:1, 41:1, 42:17,
  42:23, 44:1,
  50:17, 71:3, 72:4,
  75:15, 79:10.
mendacious 76:21.
mentioned 18:10,
  22:14, 39:16.
Mere 40:24, 40:25,
  41:4, 41:8,
  46:8.
merely 3:17, 23:4,
  25:7, 29:10,
  29:22, 34:8,
  41:11.
merits 46:25.

message 4:24, 5:2,
   50:2.
met 8:24, 37:23.
method 43:11.
Miami 78:7.
midst 2:5.
mind 20:11, 23:16,
   26:11, 26:15,
   26:22, 26:25,
   27:2, 33:5, 47:1,
   65:18.
mine 7:8.
minor 40:19.
minute 71:4.
minutes 6:1, 13:24,
   53:20, 59:8,
   63:20, 66:6,
   76:11, 81:24,
   82:1, 82:4,
   82:19.
misleading 32:24.
misrecollection
   17:18.
misrepresentation
   31:11.
misrepresentations
   31:14.
missing 55:11.
mistake 21:10,
   24:14, 25:24,
   26:8.
mistaken 25:8.
mixed 55:23.
modification 59:3.
moment 8:5, 39:16,
   50:10, 51:4.
moments 64:6,
   69:16.
money 25:11, 28:18,
   29:13, 29:22,
   31:19, 33:8,
   77:15.
morning 2:2, 2:3,
   3:9, 5:15, 5:17,
   13:18, 51:18,
   83:6, 83:14.
Morris 78:5.
motion 78:15,
   81:12.
motivated 20:7.

motivation 20:8,
   20:10.
motive 17:6, 20:16,
   27:16, 27:18,
   27:19, 27:22,
   27:23, 27:24,
   77:7.
moved 82:10.
MR. WISE 3:19,
   60:16, 61:13,
   61:22.
multipage 63:18.
multiple 54:5.
mutual 38:4.
myself 3:10.
.
.
< N >.
name 7:18, 51:21.
named 12:25.
national 8:2.
natural 26:17.
nature 8:7, 19:18,
   28:23, 38:10,
   42:6.
near 23:25.
necessarily 18:3,
   41:6.
necessary 27:16,
   35:23, 41:14,
   46:17, 50:16.
need 3:7, 23:22,
   24:6, 30:11,
   31:23, 32:1,
   32:13, 35:7,
   35:10, 35:15,
   37:22, 37:24,
   40:5, 40:6, 40:7,
   40:10, 58:7,
   58:22, 59:6,
   68:13, 76:9,
   81:1.
negligence 25:24.
negligent 25:7,
   34:8.
neutrally 62:10.
New 35:3, 35:4,
   35:5, 49:18,
   78:23, 79:20,
   82:17.

newspaper 9:21.
next 5:23, 23:8,
   38:25, 47:21,
   70:11.
nice 13:18.
Nigeria 61:2.
night 82:22.
Nine 28:14, 60:15,
   61:12, 61:20.
nine. 61:11.
Nobody 67:20.
nodding 80:22.
Nodding. 80:21.
None 6:21, 18:12.
nonetheless 33:20.
nonexistence
   14:17.
Nor 19:22, 22:13,
   23:5, 27:19,
   52:16.
NORTHERN 1:2.
not-guilty 45:12.
note 28:12, 39:22,
   46:18, 46:22.
notes 5:8, 5:9.
nothing 53:5, 54:21,
   63:16.
notice 13:22,
   13:24.
notified 67:17.
number 47:11, 60:17,
   61:14, 68:13,
   69:15, 71:1, 71:4,
   72:19.
numbered 46:12,
   54:6.
Numbers 54:7, 58:20,
   59:24, 60:6,
   60:11, 61:9,
   61:18, 61:19,
   62:4, 81:25.
numerical 47:2.
numerous 54:6.
.
.
< O >.
oath 46:22.
oaths 8:9.
object 4:2, 10:9,
   29:11, 37:8, 38:1,

38:2.
objected 10:16.
objection 2:19, 4:5,
  4:8, 62:9, 62:12,
  64:18.
objections 9:3,
  52:2.
objective 26:7,
  39:6.
objectives 40:11,
  41:12, 41:15.
observe 17:12.
observed 13:10.
obstructed 82:14.
obtain 20:15, 25:11,
  28:18, 29:13.
obvious 24:21,
  64:20, 65:11.
occasion 20:25.
occupied 79:9.
occur 48:16,
  49:16.
occurred 23:21,
  27:11.
occurrence 27:4,
  27:8.
occurs 51:16.
offense 23:24,
  35:11, 35:19,
  37:3, 37:7, 37:19,
  38:21.
offered 63:14.
offers 10:9.
office 58:18, 62:15,
  77:20.
officer 46:19,
  46:23, 48:11,
  51:17, 57:1,
  67:11.
officers 46:20.
Official 1:47, 18:2,
  62:22, 84:16.
officials 17:25.
often 27:5, 38:14,
  42:7.
Okay 4:10, 52:14,
  52:24, 53:2,
  53:12, 54:10,
  56:22, 57:7,
  58:16, 59:9,

59:21, 60:23,
  61:7, 61:17,
  61:23, 64:3,
  65:15, 65:16,
  65:20, 66:3,
  78:20, 80:11,
  80:22, 81:6,
  83:1.
omissions 31:7,
  32:22, 42:14,
  42:18.
omitted 26:13,
  26:18.
Once 4:18, 13:20,
  50:3.
ones 64:20, 64:24.
open 48:15, 49:1,
  49:7, 53:8, 67:14,
  80:13, 82:7.
operations 26:11.
opinion 6:22, 7:9,
  22:17, 30:9, 46:5,
  46:7.
opinions 22:23.
opportunity 17:11,
  68:24, 75:23,
  76:9, 79:5, 79:14,
  80:1.
option 78:21.
options 47:16,
  47:24, 78:14,
  81:11.
order 10:22, 24:8,
  24:11, 25:17,
  28:15, 29:18,
  31:17, 33:16,
  37:10, 37:21,
  39:8, 40:9, 47:4,
  53:16, 53:17,
  78:18, 78:22,
  83:22, 83:25.
ordered 9:14,
  79:17.
orders 76:24.
ordinarily 22:25,
  26:9.
ordinary 18:4,
  20:14, 36:9.
organization 60:1.
origin 8:2.

original 66:10,
  70:6.
originated 31:22.
others 19:11, 25:11,
  28:25, 29:6, 29:9,
  36:5, 36:7, 40:19,
  46:11, 55:24.
otherwise 24:20,
  59:10, 77:9.
ought 6:23, 30:20.
outcome 22:3, 39:10,
  39:12.
outside 9:20, 14:3,
  14:4, 14:10,
  14:18, 46:20,
  49:24, 54:4, 54:7,
  62:2.
outsiders 50:9.
own 13:11, 13:12,
  18:22, 20:15,
  21:16, 21:24,
  23:6, 39:24,
  45:22, 46:4.
owned 79:9.
Oyo 61:2.
.
.
.
< P >.
p.m. 70:15.
page 52:17, 60:24.
pan-asian 78:1.
paper 9:12, 60:23,
  68:8.
papers 22:14.
paragraphs 31:10.
paralegal 63:24.
paren 60:2.
part 3:4, 13:2,
  18:13, 19:10,
  21:19, 31:9,
  32:15, 33:12,
  35:10, 35:13,
  35:19, 38:18,
  40:10, 83:25.
participant 33:19,
  34:10, 34:18,
  39:9, 41:23.
participants
  38:17.
participate 39:4,

44:15.
participated 28:22,
   29:8, 32:9, 33:6,
   33:10, 41:14.
participating 36:2,
   49:17.
participation 39:23,
   40:12, 40:14,
   40:16, 41:9.
particular 18:12,
   18:13, 19:19,
   24:4, 31:2, 31:25,
   36:13, 44:25,
   69:1.
particularly
   50:23.
parties 7:22, 9:17,
   38:12, 41:4.
partnership 36:24,
   42:8.
partnerships 42:9.
parts 40:20.
party 7:12, 7:20.
pass 7:1, 7:3, 35:2,
   35:4.
passed 2:7.
passes 13:21.
past 27:1.
patience 6:4.
Pause 4:17, 51:10,
   57:20, 61:25,
   66:13, 66:24,
   70:2, 80:4,
   83:20.
PD 77:19.
pending 76:19,
   82:12, 83:4.
people 12:22, 19:10,
   42:9, 50:6,
   50:7.
perceive 14:17.
perfectly 3:2.
perform 7:11, 7:12,
   40:17, 40:18.
perhaps 79:14.
period 59:7, 77:20,
   79:4.
period. 68:2.
permitted 15:17,
   15:22, 19:4, 19:8,

21:23, 52:18.
person 12:18, 13:25,
   24:13, 26:17,
   26:22, 30:3,
   30:25, 31:4,
   40:22, 41:2, 42:3,
   43:25, 49:8.
personal 8:1, 18:22,
   20:8, 51:8.
personally 35:24,
   44:15, 45:3,
   76:6.
persons 8:3, 12:25,
   13:1, 17:17,
   22:10, 22:15,
   29:15, 36:25,
   37:13, 37:20,
   38:5, 38:18, 42:2,
   42:22, 43:25,
   46:24, 49:24.
pertains 17:21.
phase 5:23.
Philadelphia
   83:13.
phone 49:23, 50:3,
   58:10, 58:20,
   81:2, 81:25,
   82:3.
photocopied 64:19.
photocopier 63:7.
photocopy 62:22,
   66:8.
pick 59:5.
piece 80:10,
   80:14.
place 2:17, 4:20,
   5:20, 10:21,
   22:11, 27:11,
   48:2, 48:3, 56:6,
   57:3.
placed 21:2, 56:9.
Plaintiff 1:7,
   1:25.
plan 29:10, 29:12,
   29:22, 32:24,
   39:18, 41:9,
   44:4.
planning 19:1.
play 13:2, 40:19.
plea 11:16, 19:4,

20:12.
plead 18:21.
pleaded 11:13,
   28:4.
pled 18:17, 18:20,
   19:2.
plot 35:14.
podium 59:17.
point 50:19, 50:21,
   54:11, 65:7,
   77:3.
police 2:9.
poll 74:1.
position 76:16.
positioned 5:8.
possible 45:7,
   45:11.
postpone 81:13.
postponed 79:23,
   82:21, 83:5.
practical 33:16.
practice 35:21.
precise 38:1.
predicted 75:25.
prefer 78:24.
prejudging 79:2,
   79:13.
prejudice 7:12,
   8:18, 10:14,
   17:7.
premised 30:11.
prepare 69:4, 78:25,
   82:22.
prepared 3:2, 47:5,
   69:16, 82:18.
presence 27:24,
   40:24.
present 11:6, 22:10,
   46:20, 48:23,
   49:12, 49:17,
   66:15, 72:13.
presented 10:19,
   15:21, 22:19,
   45:15.
preside 46:15.
presumably 83:18.
presumed 11:24,
   79:19.
presumes 11:22.
presumption 8:3,

12:4, 12:10.
pretenses 28:19,
   29:7, 29:14.
pretty 52:16.
previously 51:5,
   67:9, 78:18,
   79:16.
prime 7:15.
principle 6:15,
   31:6.
principles 31:6.
prior 21:2, 21:17.
prison 77:6.
probability 25:10.
probable 26:17.
probably 66:6.
problem 60:22,
   63:11, 80:25.
procedure 56:10.
proceeding 64:5,
   67:9.
Proceedings 1:18,
   53:8, 66:12,
   80:13, 82:7,
   83:24, 84:8,
   84:12.
proceedings. 4:17,
   51:10, 57:20,
   61:25, 66:13,
   66:24, 70:2, 80:4,
   83:20.
process 8:8, 15:14,
   58:4.
produce 22:13.
producing 11:21.
product 26:7,
   26:8.
professional
   30:18.
prohibited 49:8.
promise 77:8.
promises 28:20,
   29:7, 29:14.
Proof 8:1, 8:4,
   13:15, 23:22,
   24:11, 24:19,
   25:18, 27:1,
   27:16, 27:18,
   27:19, 32:5,
   35:20, 37:10,

38:9, 38:17,
   39:11, 41:6,
   43:14.
properly 10:10,
   13:6, 39:14.
property 25:11,
   28:18, 29:13,
   29:23, 31:20,
   33:11, 33:14.
proposal 63:8,
   79:5.
propose 2:14, 56:3,
   62:20.
proposed 65:19.
proposes 55:20.
proposing 62:18.
prosecution 7:18,
   11:17, 18:20,
   20:16, 22:9,
   22:13, 31:12.
prove 11:17, 13:15,
   22:7, 23:15,
   24:12, 25:18,
   25:25, 28:16,
   29:4, 31:18,
   31:21, 31:23,
   32:8, 32:18,
   36:15, 37:18,
   38:4, 38:20.
proved 15:10, 26:9,
   31:12, 40:3.
proven 8:13, 8:16,
   12:1, 12:13,
   12:16, 12:18,
   12:22, 15:23,
   23:11, 24:16.
proves 31:12,
   45:2.
provide 58:20,
   58:21.
provided 23:16,
   43:21, 48:8,
   70:11.
proving 8:24, 10:4,
   31:16.
prudence 29:15.
prudent 30:25.
publicity 9:21.
publish 76:14.
Pull 81:22, 81:25.

punishment 45:7.
purpose 21:3, 25:21,
   33:11, 33:21,
   34:2, 35:17, 37:1,
   38:1, 38:3, 39:5,
   41:20, 42:15,
   46:8.
purposefully 26:6.
purposely 21:9.
purposes 39:21,
   41:12, 41:15,
   52:22.
pursuant 44:4,
   44:18.
put 2:24, 3:8,
   55:23, 57:4, 66:3,
   79:5, 79:11,
   80:15.
.
.
< Q >.
qualifications
   22:23.
qualified 22:16.
Question 8:11, 9:16,
   10:1, 10:6, 27:11,
   39:19, 45:7,
   47:22, 52:20,
   53:4, 59:25, 60:2,
   60:5, 62:1, 67:1,
   67:5, 69:11,
   69:17, 69:21,
   69:22, 70:7,
   79:15, 79:20,
   82:18.
questions 10:7,
   10:13, 83:7.
quite 6:8.
.
.
< R >.
race 8:2.
radioactive 64:8.
rail 57:15.
rain 14:10.
raincoat 14:1, 14:9,
   14:15.
raining 14:4, 14:5,
   14:6, 14:18.
raise 52:21, 52:22,

80:19.
ran 75:24.
rap 48:10, 67:9.
Rarely 27:1.
Rather 24:9, 26:7.
re-engage 50:3.
re-examine 46:4.
reached 47:3, 47:17,
  48:5, 51:2,
  70:16.
reaching 7:25, 13:3,
  22:21, 45:24,
  46:8.
read 48:25.
reads 67:25,
  69:20.
Ready 4:23, 5:11,
  55:17, 64:13,
  78:4, 79:21.
real 38:13, 79:9.
reality 77:5.
realized 31:24.
realizes 20:14.
really 79:20.
reason 8:22, 9:1,
  11:19, 14:12,
  15:3, 23:6, 42:5,
  44:17.
reasonably 23:25,
  29:14, 30:24,
  35:25, 36:10,
  42:13, 42:21,
  44:9.
reasoned 15:6.
reasons 19:12,
  22:24, 76:19.
recall 41:25,
  77:25.
receive 20:4, 20:15,
  70:25.
received 9:6, 9:9,
  9:10, 42:5, 59:23,
  65:4, 67:15,
  67:24, 68:10,
  68:11, 69:24,
  70:15.
recess 58:23, 59:2,
  59:13, 64:14,
  64:15, 67:7,
  68:22, 69:12,

70:12, 70:14.
recollection
  17:19.
record. 52:1, 80:7,
  80:17, 81:18.
recorded 75:17,
  75:19, 75:20.
recording 26:25.
recovered 5:7.
red 56:7, 56:9,
  56:25.
reference 60:25,
  65:1.
referenced 59:25,
  60:12.
referred 42:7.
refers 37:5.
reflect 59:22, 65:9,
  67:17, 82:8.
reflecting 45:17.
reflective 76:20.
reflects 47:18.
Reform 79:18,
  82:10.
regard 6:12, 9:18,
  12:21, 36:3,
  38:15, 39:8,
  78:6.
Regardless 6:22.
regular 50:17.
relate 30:23.
related 31:17,
  35:16, 35:20.
relating 7:9.
relation 2:6.
relationship 17:3.
release 76:17,
  78:18, 81:3,
  82:11, 82:17,
  83:4, 83:17.
released 79:17.
religion 8:2.
reluctant 79:11.
relying 30:25.
remain 50:24, 58:11,
  79:24.
remains 12:11,
  50:25, 51:6.
remand 83:2.
remanded 84:2.

remember 11:12,
  53:15.
remind 15:25, 45:16,
  49:2.
removal 2:9.
render 9:1, 24:8.
rendered 49:7.
repaired 67:19.
repeat 19:22, 19:23,
  32:13.
replace 4:3.
report 2:15, 3:5,
  17:1.
reported 2:4.
Reporter 1:47,
  84:16.
reports 2:10.
represent 10:22,
  78:4.
representation 30:2,
  30:5, 30:17,
  30:22, 31:1, 35:8,
  77:17.
representations
  28:19, 29:7,
  29:14, 29:19,
  30:1, 31:8, 32:22,
  33:2, 33:15.
represented 77:19.
represents 78:10.
request 3:22, 4:19,
  5:19, 10:12,
  52:24, 59:5,
  79:23, 81:8,
  82:21, 82:23,
  82:24, 83:1, 83:5,
  83:16.
requested 57:14.
require 22:9, 22:13,
  33:9.
required 6:13,
  15:17, 16:8,
  19:11, 21:21,
  31:10, 31:21,
  41:13, 43:20,
  76:7.
requirement 22:6,
  34:5.
requires 14:23,
  20:12, 24:1,

40:21.
reread 60:9,
  60:10.
research 49:2.
resolve 7:5.
resolved 81:5.
resort 29:18.
respect 36:12,
  37:10, 43:14,
  44:24, 47:13,
  47:21, 47:22,
  52:3, 62:1, 70:12,
  72:21, 72:24,
  73:2, 73:5, 73:8,
  73:11, 73:14,
  73:17, 73:20,
  73:23, 76:17.
respective 6:7.
respond 48:20,
  48:22, 83:18.
response 65:19,
  65:23, 66:3, 66:5,
  66:16, 66:18,
  67:1, 67:4, 69:11,
  69:17, 69:18,
  70:8, 75:18,
  78:25.
responsibility
  44:21.
responsible 42:17.
rest 52:16.
restriction 51:4,
  51:5.
restroom 49:15.
rests 23:7, 45:10.
result 11:16.
results 17:22.
resume 57:3,
  59:15.
retire 6:2, 6:20,
  50:19, 51:15,
  53:12.
retiring 46:13.
return 28:7, 58:18,
  83:24.
returned 82:9.
review 9:11, 48:25,
  52:23, 68:2, 68:6,
  69:23, 78:18.
reviewed 55:4,

55:19, 57:6.
reviewing 18:5.
revocation 82:17,
  82:23, 83:4,
  83:17.
revoked 82:11.
Richard 1:10, 47:10,
  47:14, 47:23,
  71:2, 72:18,
  72:22, 72:25,
  73:3, 73:6, 73:9,
  73:12, 73:15,
  73:18, 73:21,
  73:24.
rise 50:13, 72:9,
  72:16.
risk 8:19.
role 40:20.
roles 6:7, 40:19.
routine 35:21.
row 4:15.
RPR 1:46, 84:10.
rule 6:22, 14:21,
  44:17.
rules 6:11, 9:24,
  23:10.
ruling 10:18,
  81:7.
rulings 10:12.
running 63:6.
rushing 3:10.
.
.
.
< S >.
satisfied 12:1,
  14:24, 16:3, 26:4,
  34:5, 38:24,
  43:14, 44:23.
satisfy 35:10,
  37:10, 37:22.
save 10:22.
saw 3:9, 3:12, 9:11,
  13:10, 62:3.
says 27:3, 69:4.
scenario 78:10.
scene 40:24.
schedule 78:23,
  81:23.
schedules 10:20,
  10:21, 10:24,

11:3, 11:6,
  11:9.
science 26:24.
scope 40:8.
scrutinize 16:12.
scrutinized 19:18.
scrutinizing 20:19,
  26:10.
seat 2:17, 4:13,
  5:6, 63:23.
seated 2:2, 5:15,
  53:7, 69:13,
  70:19, 71:4,
  75:13, 76:16.
seats 4:15, 4:25,
  59:15.
Second 28:21, 32:6,
  32:8, 37:16,
  38:20, 43:25,
  53:16, 60:20,
  62:1.
Secondly 77:24.
secrecy 38:10.
secretive 27:14.
security 46:19,
  46:20, 46:23,
  48:11, 51:17,
  57:1, 67:11.
seeking 60:6, 76:18,
  77:7.
seem 7:9, 16:18.
seen 9:20.
sees 13:12.
select 53:24.
selecting 58:4.
send 46:18, 50:2.
sending 56:13,
  56:14.
sense 14:12, 15:4,
  15:20, 21:14,
  23:6, 38:13, 45:8,
  45:20.
senses 13:12.
sent 52:11, 64:19,
  69:21.
sentence 20:15,
  45:10, 76:22.
sentencing 76:19,
  79:7, 82:12.
separate 28:7, 37:3,

40:17, 61:19.
separately 23:14,
  28:7.
series 27:7.
serious 7:17.
serve 50:17.
served 20:6.
service 2:13, 50:22,
  75:21, 75:25,
  76:3.
Services 67:17.
serving 50:13.
SES 61:2.
set 15:11, 31:9,
  55:13, 62:8,
  78:13, 78:14,
  79:8.
sex 8:2.
shade 17:6.
shall 6:5, 23:8,
  23:9, 48:21,
  48:25, 72:7.
shape 79:3.
sheer 77:1.
shelves 54:5.
shift 4:14.
shifts 11:18.
shining 13:18.
ships 78:8.
shock 77:4.
shore 81:9.
short 10:7.
shouldn't 55:14.
show 10:14, 19:11,
  77:10.
showed 60:16.
showing 33:23.
shown 27:6, 27:21,
  27:23, 32:1.
shows 61:14.
shut 25:2, 53:25.
side 3:22, 4:2,
  10:8, 10:9, 48:12,
  56:15, 79:4.
sides 19:23, 57:6.
sift 8:12.
sign 48:3, 48:8,
  66:4.
Signed 57:8, 57:10,
  60:3, 68:3, 69:17,

69:25, 72:11.
similar 18:21,
  36:18.
similarity 24:1,
  41:4.
Similarly 37:24,
  40:25, 45:11.
simple 11:19,
  13:16.
simply 10:6, 14:23,
  22:1, 44:17,
  46:12, 48:12.
single 6:18,
  40:21.
sir 51:18, 59:12,
  67:3, 68:25,
  74:15, 75:2.
sit 5:3, 5:5.
sitting 13:22, 50:4,
  57:15, 67:19.
situation 14:2.
slate 12:4.
sleep 2:11.
slide 5:6.
slight 59:3.
small 21:12.
so-called 19:6,
  20:1.
soaking 14:9.
sole 7:3, 16:5,
  16:6.
solely 8:10, 8:17,
  12:19, 23:7,
  45:14, 46:7.
somebody 3:12, 14:7,
  14:8.
somehow 20:4.
someone 13:22,
  14:13, 14:14,
  16:25, 22:19,
  25:1, 43:7.
sometimes 50:15.
somewhere 59:5.
sorry 5:5.
sort 78:7.
sorts 79:12.
source 49:3.
space 48:8.
special 22:18.
specific 22:6,

23:21, 23:23,
  28:23, 32:11,
  34:11, 34:18,
  37:4, 39:5, 45:5,
  60:7.
specifically 36:6.
specified 29:3.
speculation 15:15.
spoken 30:11,
  38:4.
spokesperson
  46:16.
Spread 54:3, 55:5.
stages 5:23.
stairs 82:1.
stake 39:10.
stamp 65:2, 65:8.
stamped 64:20,
  64:24.
stand 7:23, 16:17,
  47:2, 48:23,
  52:19, 68:17,
  70:23.
start 34:13.
starting 24:7, 24:8,
  37:14, 77:14,
  81:12.
State 2:12, 6:11,
  6:15, 6:22, 18:1,
  26:15, 26:21,
  26:22, 27:1, 27:2,
  51:21, 61:2,
  79:16, 83:17.
Stated 6:15, 24:21,
  37:25.
statement 10:1,
  10:2, 10:3, 20:25,
  21:2, 21:5, 21:9,
  21:17, 21:18,
  26:13, 30:2, 30:5,
  31:1, 31:2, 31:4,
  31:16.
statements 9:3,
  29:25, 30:7,
  30:10, 32:22,
  33:3, 34:1, 34:6,
  38:16, 39:24,
  42:1, 42:3, 42:14,
  42:18, 42:22,
  42:25, 43:2, 43:5,

43:7.
States 1:1, 1:5,
    7:18, 35:3, 35:4,
    37:7, 47:8, 47:10,
    57:6, 59:22,
    66:15, 69:14,
    71:1, 72:17,
    72:18, 78:8,
    83:3.
stating 6:19.
statute 30:10,
    32:21.
stay 59:17, 66:10,
    76:7.
stenographic
    84:11.
step 3:6, 35:13.
stipulation 9:17,
    57:15.
stipulations 9:7.
stop 49:14, 49:16,
    50:2.
Street 1:48, 58:18,
    79:12.
stretch 36:20.
stricken 9:15.
strike 16:25.
strikes 79:2.
strong 25:1, 77:7.
subject 8:17, 19:24,
    23:19, 46:25,
    58:23, 59:2, 66:5,
    69:10.
submitted 57:5,
    72:10.
subsequent 2:9.
substantial 24:1,
    66:17.
substantially
    36:18.
substantive 28:14,
    37:5, 37:7, 43:12,
    43:15, 43:20,
    43:23, 44:3, 44:7,
    44:10, 44:14,
    44:18, 44:21,
    44:25, 45:1,
    45:4.
substitute 23:5,
    50:16.

substituted 2:16.
suffered 31:25.
sufficient 12:4,
    23:23, 31:12,
    34:21, 35:11,
    35:22, 36:3,
    36:16, 40:21,
    41:10, 77:9.
suggestions 29:19.
sum 20:21, 41:18.
summaries 10:20,
    10:21, 10:24,
    11:3, 11:6,
    11:9.
summary 68:8.
summations 19:6.
sun 13:18.
supply 35:18.
support 35:22.
suppression 29:19.
surrender 46:5.
surrounding 24:17,
    26:12, 27:10.
suspect 16:19.
suspicion 15:6,
    24:24, 25:1.
sustain 12:8, 24:11,
    25:17, 28:15,
    33:16.
sustained 7:25,
    32:4.
swayed 8:10.
swear 51:17.
swindle 29:23.
switch 5:1.
switching 4:25.
sworn 6:24, 9:5.
sworn. 51:19.
sympathy 8:10, 8:19,
    9:1.
.
.
< T >.
T. 1:46, 84:15.
table 50:4, 60:1,
    62:13, 63:23,
    80:15.
taken. 59:13, 64:15,
    67:7, 68:22,
    69:12, 70:14.

talked 62:9.
technique 22:7.
techniques 22:7.
telephone 35:3,
    49:9.
temporary 83:22,
    83:25.
ten 28:1, 48:1,
    50:6.
tends 13:14.
term 15:2, 29:16.
terms 4:15, 32:12,
    47:2.
testified 16:13,
    16:20, 16:21,
    17:5, 17:10,
    17:12, 18:25.
testifies 13:9,
    13:11.
testify 19:3, 20:13,
    20:17, 21:22,
    21:25.
testifying 16:17,
    20:5, 20:6,
    22:24.
text 50:2.
texting 50:7.
thanks 51:7,
    75:23.
themselves 10:25,
    19:10.
theory 22:19.
thereby 41:22.
therefrom 40:1.
thereto 75:16.
thinking 8:19,
    61:23.
Third 29:1, 34:15,
    34:20, 34:23,
    35:18, 44:3.
thirdly 77:24.
though 16:9, 36:10,
    37:7.
three 28:16, 53:14,
    61:19, 76:19.
throughout 6:5,
    11:24.
tie 67:16.
title 47:9, 47:12.
titled 65:3.

today 57:12, 63:25,
  79:22.
together 3:13,
  36:25, 37:23,
  38:19, 41:5,
  66:17, 67:1, 67:5,
  69:22, 70:7,
  79:5.
token 7:21.
tomorrow 78:24,
  79:23, 80:25,
  81:3, 81:7, 81:10,
  81:13, 81:20,
  81:22, 83:6,
  83:14, 83:19.
took 27:11.
top 47:6, 80:16.
topics 62:8.
total 55:7, 61:20.
touch 58:7.
touches 13:12.
touching 46:25.
touted 78:3.
toward 12:24.
tradition 48:18.
training 22:18.
transaction 17:17,
  27:14.
Transcript 1:18,
  84:11.
transition 2:5.
transmission 61:1.
travel 84:3.
treat 63:4.
treatment 20:5.
trial 5:23, 5:24,
  12:3, 12:11, 13:4,
  15:1, 18:20,
  18:24, 21:1, 21:4,
  21:6, 21:7, 22:12,
  49:21, 50:14,
  50:15, 50:23,
  66:18, 76:1,
  82:14.
trick 29:23.
true 8:20, 9:18,
  9:19, 10:2, 10:3,
  10:5, 34:2, 34:6,
  49:21, 79:7,
  82:24.

trust 65:21,
  76:23.
truth 10:3, 16:15,
  17:6, 20:3, 20:9,
  29:20, 33:1, 34:3,
  34:4.
truthfully 20:6.
trying 16:25.
turn 33:3, 49:23,
  55:3, 55:16, 60:5,
  60:24, 80:16.
turned 49:20,
  50:5.
Two 13:5, 17:16,
  35:2, 36:25,
  37:13, 37:20,
  38:5, 47:16, 50:6,
  50:18, 53:21,
  54:4, 54:5, 55:1,
  56:25, 64:10.
two-page 47:5.
type 13:8.
types 13:5, 42:8.
.
.
< U >.
ultimately 33:7,
  33:13.
umbrella 13:23,
  14:8, 14:14.
unable 2:12.
unanimous 45:17,
  47:3, 47:17,
  47:19, 48:5.
unanimously 12:5.
uncommon 17:19.
uncontradicted
  16:10.
underlying 10:22.
understand 52:19,
  59:7, 63:4, 80:24,
  81:6, 82:19.
understanding 11:10,
  22:20, 38:4,
  41:18, 44:4,
  79:24.
undertaking 41:21.
undivided 75:24.
unfavorable 12:24,
  18:23.

unimportant 17:22.
United 1:1, 1:5,
  7:18, 35:4, 37:7,
  47:8, 47:10,
  59:21, 66:14,
  69:14, 71:1,
  72:17, 72:18,
  78:8, 83:3.
unlawful 25:20,
  37:1, 37:13,
  37:20, 38:6,
  38:19, 39:5,
  39:18, 39:21,
  40:11, 41:9,
  41:17, 41:19,
  41:23, 42:10,
  43:6.
unless 12:5, 12:12,
  32:23, 34:5, 45:1,
  65:14.
unnecessary 10:23.
unreliable 76:21.
unspoken 38:5.
Until 11:25, 12:13,
  24:6, 47:3, 47:25,
  49:7, 51:1, 51:4,
  53:18, 53:21,
  53:25, 77:3,
  79:23, 79:25,
  81:3, 81:4, 81:13,
  83:5, 83:22.
untrue 30:3.
uses 36:13.
using 35:21, 49:3.
uttered 27:8.
.
.
< V >.
valid 35:17.
value 14:20.
various 29:17.
venture 39:10.
version 62:17,
  62:19.
versus 47:10, 59:22,
  66:15, 69:14,
  71:1, 72:18.
via 46:18.
victim 31:25.
victims 77:10,

77:13.
view 6:24, 45:24,
   46:10.
viewed 19:19.
views 3:4, 46:4.
violate 6:24,
   37:2.
violation 37:4.
violence 45:25.
virtue 13:12,
   79:17.
voluntarily 24:14,
   38:23.
vote 46:14.
vs 1:8.
.
.
< W >.
W. 1:48.
Wait 4:16, 53:25.
walk 48:24.
walked 14:7, 14:8,
   14:13, 14:14.
walks 13:23,
   13:25.
wanted 3:13, 67:10,
   67:15.
wants 75:22.
warrants 82:17.
watched 64:6.
wearing 13:25.
week 5:23.
weekend 2:7, 2:11.
weigh 20:18,
   45:13.
weighing 17:20,
   22:22.
weight 7:4, 16:7,
   18:4, 18:7, 18:15,
   20:20, 20:22,
   21:18, 23:2,
   46:6.
western 52:17.
Westover 61:1.
wet 13:24, 14:1,
   14:8, 14:9, 14:14,
   14:15.
whatever 7:6, 20:20,
   23:2, 49:15, 50:3,
   78:9, 83:15.

whatsoever 49:3.
wheeled 54:5.
whole 6:20.
whom 43:7.
Willful 24:22,
   24:23, 25:23,
   27:13.
Willfully 25:19,
   28:21, 32:10,
   32:12, 37:16,
   38:22, 39:3.
willfulness 26:21,
   27:9.
willing 41:22.
window 24:10.
wire-fraud 24:5.
wires 29:3, 35:7,
   35:15, 35:18,
   35:21, 36:5, 36:7,
   36:8, 36:9, 36:11,
   36:12, 36:15,
   36:17, 60:6.
wisdom 6:21.
Wise 1:29, 3:9,
   3:12, 3:18,
   65:22.
wish 52:2, 52:6,
   83:11.
withheld 25:1.
within 40:22,
   60:8.
without 6:12, 7:12,
   12:21, 41:3, 41:9,
   41:11, 43:1,
   45:25, 79:22.
witnessed 76:25.
witnesses 7:5, 9:6,
   9:15, 16:7, 17:15,
   18:16, 18:25,
   19:2, 19:6, 19:9,
   20:23, 22:10,
   22:16.
witnessing 17:17.
words 13:10, 18:14,
   27:3, 27:7, 30:12,
   37:25, 38:14.
work 33:8.
worked 64:23,
   78:5.
worker 39:7.

world 52:17.
worthy 77:19.
write 48:2, 56:3,
   81:21.
writing 37:25,
   46:22, 83:11.
written 30:12,
   37:24, 48:23,
   69:11, 83:16.
.
.
< Y >.
yield 46:11.
York 35:3, 35:5.
yourself 14:4,
   17:20, 46:1.
yourselves 8:12,
   20:1, 38:25,
   49:11.