# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. JKB-13-0460 |
| RICHARD SHUSTERMAN | * CIVIL NO. JKB-18-0963 |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION TO VACATE (ECF No. 312), the Government's response (ECF No. 321), and the Defendant's reply (ECF No.329). After carefully reviewing the submissions, together with the voluminous record accumulated in this case, the MOTION TO VACATE will be DENIED.

The Defendant contends that the Court violated his right to a conflict-free attorney because it failed to adequately investigate a fee conflict that developed between Defendant and his attorney. The Defendant also contends that he was denied the effective assistance of counsel when his lawyer failed to use an expert at trial, and when his lawyer failed to call other witnesses, failed to pursue a plea agreement, and generally was not prepared to try the case.

None of these contentions find support in the record. To the extent the Court was aware of issues between attorney and client, it made appropriate inquiries. Of greater significance is the question of whether any conflict between attorney and client resulted in prejudice. The record amply demonstrates that it did not. While counsel may have been bitterly angry at the Defendant over the non-payment, there was zero evidence of this before the Court during the lengthy trial when defense counsel did nothing but fight (quite effectively) on behalf of his

client. There was a cogent theory of the defense that was articulated during the opening statement, developed through the cross-examination of the Government's witnesses, and presented in detail and with support during closing argument. Defense counsel made reasonable strategic decisions in terms of the expertise to enlist and the witnesses to call. The record shows that he was fully prepared for trial. Counsel did not pursue a plea bargain on behalf of the Defendant, but neither did any of the other lawyers representing him, lending credence to counsel's assertions that the Defendant, before and during the trial, had no interest in pleading. Despite what may have been a running battle between counsel and his client over non-payment of the fee, counsel apparently successfully compartmentalized that dispute and there is no evidence that it impacted his work on the Defendant's behalf.

The Defendant has produced an email string that, if accurate, paints a disturbing picture of defense counsel's communication style in relation to efforts to collect his fee. Some of the messages in the email string are disturbing and unprofessional. Perhaps those communications, if they truly occurred, should be brought to the attention of the authorities who regulate attorney conduct. But, in terms of the issues before this Court on this motion, they are probative in another respect: the Court infers that counsel's bitterness and anger was driven largely by his resentment of the fact that circumstances such as his promises to this Court and his desire to protect his professional reputation would cause him to expend the same effort in the trial as he would have had he been paid. While the Court is unable to opine that defense counsel expended exactly the same effort as he would have if paid in full, without a doubt his performance far exceeded the bar set in *Strickland v. Washington*, 466 U.S. 668 (1994).

Whatever "behind the scenes" drama was occurring between counsel and the Defendant, the Defendant has failed to demonstrate that he suffered any prejudice from those difficulties.

Accordingly, for this reason, and for the additional reasons set out in the Government's Memorandum (ECF No. 321), the MOTION TO VACATE (ECF No. 312) is DENIED.

DATED this 23rd day of July, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge