IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIMINAL NO. JKB-13-0460** |
| **RICHARD SHUSTERMAN,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

On June 17, 2020, this Court denied Defendant Richard Shusterman's Emergency Motion for Compassionate Release without prejudice. (ECF No. 421.) Shusterman has now filed an Emergency Motion to Reconsider Denial of Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 427.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

Motions for compassionate release are governed by § 3582(c)(1)(A), which provides that a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." With respect to the "extraordinary and compelling reasons" analysis, Shusterman acknowledges that his "cancer is now in remission from a successful course of radiation treatment."[1] (Mot. Reconsider at 1, ECF No. 427.) Additionally, although it is undoubtedly worrisome that FMC Butner, where Shusterman is currently incarcerated, has a COVID-19 infection rate of nearly 21% (*see id.* at 3), such a high rate of

---

[1] The Court has reviewed the medical documents that Shusterman submitted in support of his motion, and those exhibits have been appropriately sealed. Out of respect for Shusterman's privacy and because the Court need not reach such details in order to fully explain its reasoning, the Court does not elaborate on Shusterman's serious medical condition in this public document.

infection is unfortunately unsurprising, given that FMC Butner is a medical facility. Further, considering the severity of Shusterman's crimes and the small portion of his sentence that he has now completed, the factors outlined in 18 U.S.C. § 3553(a) continue to weigh against Shusterman's release. In particular, the Court notes that Shusterman was found to be the organizer and leader of a massive Ponzi scheme, which was the largest financial fraud case in the District of Maryland's history at the time of its prosecution. (Mem. at 7, ECF No. 421.) For his offenses, Shusterman has currently served about four and a half years of his eighteen-year sentence—only about 25%. (*See* Judgment at 2, ECF No. 285; Mot. Reconsider at 6.)

The Court does not attempt to minimize the gravity of Shusterman's medical condition, as well as the accompanying stress and anxiety related to his recovery and the COVID-19 pandemic. The Court finds, however, that the severity of Shusterman's crimes and the small portion of his sentence currently served substantially outweigh the "extraordinary and compelling reasons" that would justify his release. Accordingly, a reduction in Shusterman's sentence is inappropriate because the existing sentence promotes respect for the law, deters crime, and protects the public. Such a sentence is "sufficient, but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a). Shusterman's Emergency Motion to Reconsider Denial of Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 427) is accordingly DENIED.

DATED this __1__ day of December, 2020.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge